RICHARD DORISON, RELATOR, v. JOHN SAUL, SUPERIN-TENDENT OF BUILDINGS; FRANK HAGUE, JAMES F. GANNON, JR., MICHAEL I. FAGEN, A. HARRY MOORE AND JOHN BENTLEY, BOARD OF COMMISSIONERS OF THE CITY OF JERSEY CITY, DEFENDANTS.

Submitted July 6, 1922—Decided November 10, 1922.

D., the owner of two unimproved corner tracts of land in an unde-veloped and sparsely populated portion of Jersey City, caused to be prepared plans, in accordance with the building code, for the erection on each of said tracts of land a three-story building on the corner, with four two-story buildings adjoining, for use as stores and dwellings, and submitted said plans to the proper city authorities for approval and the issue of a building permit. A building permit was refused on the ground that tne proposed two-story buildings were in a district within which an ordinance of Jersey City, passed March 21st, 1921, prohibited the erection of buildings less than three stories in height. *Held*, (1) that subsections (*n*) and (*o*) of section 1, article 14, of chapter 152 of the laws of 1917, and chapter 229 of the laws of 1920, relied upon by Jersey City as giving it power to enact said ordinance, gave no power to the city of Jersey City to compel the erection of buildings of a prescribed height in certain designated dis-tricts, and (2) that a peremptory writ of *mandamus* will be awarded for the issue of a building permit.

On application for *mandamus*.

Before Justices KALISCH, BLACK and KATZENBACH.

For the relator, *Gross & Gross*.

For the defendants, *Thomas J. Brogan*.

The opinion of the court was delivered by

KATZENBACH, J.   This case comes before us on a demurrer to an alternative writ of *mandamus*.   The relator, Richard Dorison, is the owner of two tracts of unimproved land in the city of Jersey City.   One is located at the southeast corner of Jackson and Van Nostrand avenues.   The other is at the southwest corner of the same streets.   The dimensions of each tract are one hundred feet by one hundred feet.   The neighborhood is undeveloped and sparsely populated.   The relator is a resident of Jersey City.   His business is, and for some twelve years past has been, dealing in real estate and building houses and stores.   Upon acquiring the land mentioned, the relator obtained the services of an architect, who prepared, under the direction of the relator, plans for the erection on each of said lots of a three-story building on the corner and four two-story buildings adjoining the three-story building, to be used as stores and dwellings. The buildings are to be of brick construction and are to conform in all respect with the building code of Jersey City. The relator was obliged, before submitting said plans to the board of commissioners and to the building superintendent of Jersey City, to submit the same to the commission on building districts and restrictions.   This he did on March 13th, 1922.   On March 21st, 1922, this commission refused to approve the plans, because on that date the board of commissioners of Jersey City adopted a zoning ordinance, which included the lands of the relator in a "business district," and prohibited the erection in that district of any building less than three stories in height.   The board of commissioners and superintendent of buildings have refused to grant a permit for the erection of the proposed buildings on the ground that the buildings are not of the height required by the ordinance.   The *mandamus* proceeding has been instituted to determine whether the relator is not lawfully entitled to erect upon his property the buildings he proposes to erect.   The justification for the refusal of the building permit, being the provision of the ordinance which prohibits the erection on the relator's land of buildings less than three

stories in height, raises the question whether the board of commissioners of Jersey City had the power to embody such a provision in its ordinance, and whether or not, if such power has ostensibly been conferred on the municipality, the ordinance is constitutional.

The ordinance in section 13 states that it is "passed under and by virtue of the authority conferred by chapter 152 of the laws of 1917, and the various supplements thereto and amendments thereof, and chapter 229 of the laws of 1920 and the various amendments thereof and supplemental thereto." Chapter 152 of the laws of 1917 has been amended by chapter 240 of the laws of 1920. Chapter 152 of the laws of 1917 contains only two provisions for the regulation of buildings. These are subsections (*n*) and (*o*) of section 1 of article 14. They provide as follows:

"(*n*) To regulate and control the construction, erection, alteration and repair of buildings and structures of every kind in such municipality.

"(*o*) To prohibit within certain limits the building, erection or alteration of any building or structure of wood or other combustible materials."

In considering a question of this character, it must be remembered that a law or ordinance in derogation of poperty rights must be strictly construed and not be deemed to extinguish or restrain any rights incident to the ownership of private property, unless the intention so to do appears by express words or plain implication. 36 *Cyc.* 1180.

We are of the opinion that neither of the subsections above quoted give the authority to compel the erection of a building of a height designated by the municipality. To regulate and control the construction of buildings confers the authority to prescribe the materials and character of construction so as to insure the erection of safe and sanitary buildings. To prohibit within certain limits the building * * * of any building * * * of wood or other combustible materials is a power given to the municipality to enforce by ordinance through prohibition and penalty the use of suitable building materials in congested districts.

Chapter 229 of the laws of 1920 is entitled:

"An act to enable cities to regulate and limit the height and bulk of buildings, to regulate and determine the area of yards, courts and other open spaces, and to regulate and restrict the location of buildings for trades and industries."

The first section thereof provides as follows:

"Such regulations shall be designed to secure safety from fire and other dangers and to promote the public health and welfare, including provisions for adequate light, air and convenience of access."

It seems to us that this act confers on municipalities only the power to limit the height of buildings and not to compel the erection of buildings of a prescribed height. The height of buildings in cities increases the fire hazard. especially if the fire department of the city is inadequately equipped to reach fires in high buildings. To permit a city to meet such conditions this statute was probably enacted. The use of the word "limit," both in the title and body of the statute, is significant. The word, it seems to us, is used in the sense of abridge, confine and restrict. Followed by the word "height," it is clear that the only power given to the municipality is that of fixing a height above which a building shall not be erected. This construction is supported by the statute itself, as the statute expressly states that such regulation shall be designed to secure safety from fire and other dangers and to promote the public health and welfare, &c. Two-story buildings are certainly no more subject to fire hazards than three-story buildings. Neither is the public health or welfare the better conserved by the erection of three-story buildings than two-story buildings. The prohibition of the erection on the relator's land of two-story buildings is not, we think, a power which is given by the statutes the defendants invoke. It is also not a reasonable and proper exercise of the police power, if that power can be invoked by a municipality in the absence of specific legislative authority. In arriving at this conclusion, we have examined and considered the amendment to chapter 152 of the laws of 1917, made in the year 1920, and known as chapter 240 of the laws of 1920. *Pamph. L.* 1920, *p.* 455.

A peremptory writ of *mandamus* is awarded.