MILTON HAY BROWN et al. Appellees, vs. THE BOARD OF
APPEALS OF THE CITY OF SPRINGFIELD et al. Appellants.

*Opinion filed December 21, 1927.*

MUNICIPAL CORPORATIONS—*Zoning act does not authorize ordinance requiring buildings to be of a certain height.* The provision of the Zoning act authorizing cities to "regulate and limit the height and bulk of buildings hereafter to be erected" does not authorize an ordinance requiring buildings to be at least forty feet in height, as the word "limit" means to restrict and was intended to prevent the erection of buildings to excessive height; nor is such ordinance authorized as conserving the value of surrounding real estate nor as promoting the public health, safety, comfort, morals or welfare.

APPEAL from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

EDMUND BURKE, Corporation Counsel, and W. EDGAR SAMPSON, City Attorney, for appellants.

B. L. CATRON, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

The question involved in this case concerns the validity of a certain amendment to section 19 of the zoning ordinance of the city of Springfield requiring in the certain district therein specified that no building shall be erected the height of which shall be less than forty feet on the frontage line. The circuit court of Sangamon county held this section of the ordinance invalid and granted an appeal to this court, certifying that the validity of an ordinance was involved and that the public interest required that the appeal be brought directly here.

The matter arose by a petition for a writ of *certiorari* to review the decision of the board of appeals of the

city of Springfield, as provided by section 3 of the Zoning act. (Smith's Stat. 1927, p. 348.) The facts are as follows: The city of Springfield passed a zoning ordinance dividing the city into certain districts or zones and containing regulations and restrictions with regard to the character and use of buildings in each district. At the time the original zoning ordinance was passed there was on the property in question a three-story building. This property is located at the corner of Sixth and Washington streets, in the city of Springfield, and is diagonally across the intersection of such streets from the northeast corner of the block on which the court house stands. On January 29, 1926, the building was practically destroyed by fire. On March 18 following, appellees made application to the superintendent of buildings for a permit to construct on the premises a new brick building twenty-two feet in height, consisting of one story and basement, to be used for retail store purposes. The application was denied and an appeal was taken to the board of appeals. Pending the final decision before that board the city council passed the amendment under consideration here. It was passed as an emergency measure, the emergency being indicated by the following language: "This ordinance being necessary to the preservation of public health and safety, an urgency for its immediate taking effect is hereby declared to exist, and it shall be in effect from and after its passage, signing and recordation." The board of appeals denied the application for a building permit, and on review by *certiorari* the circuit court ordered the board to issue the permit. The board and its members have appealed.

It is contended on the part of appellees that this ordinance is invalid, first, because not authorized by the statute known as the Zoning act; and second, if it should be held to be so authorized, the Zoning act is invalid as violating the due process clauses of the State and Federal constitutions.

Section 1 of the Zoning act (Cahill's Stat. 1927, p. 404,) provides, in part, as follows: "In addition to existing powers, and to the end that adequate light, pure air and safety from fire and other dangers may be secured, that the taxable value of land and buildings throughout the city, village or incorporated town, may be conserved, that congestion in the public streets may be lessened or avoided, and that the public health, safety, comfort, morals and welfare may otherwise be promoted, the city council in each city * * * shall have the following powers: To regulate and limit the height and bulk of buildings hereafter to be erected," etc. The question here is whether amended section 19 of the zoning ordinance of the city of Springfield, in providing that "no building shall hereafter be erected the height of which shall be less than forty feet on the frontage line and for an area not less than thirty percentum of the ground area of the building, nor shall any existing building the height of which is already equal to or in excess of such minimum requirement of forty feet be hereafter so altered or repaired as to bring the height thereof below said minimum height requirement," comes within the powers given by the Zoning act. The purpose of the Zoning act is set out in the language of section 1 just quoted. Cities may under this act pass ordinances regulating the erection of buildings therein if such ordinances come within the purposes of the act as by the act itself prescribed, which are to afford adequate light, pure air, safety from fire or other dangers, conservation of the values of land and buildings throughout the city, lessening of congestion in public streets, or that which promotes the public health, safety, comfort, morals and welfare. In furtherance of such purposes as set out in section 1 of the act it is there provided that the cities may "regulate and limit the height and bulk of buildings" to be erected.

It is not contended by appellants that the ordinance was passed for the purpose of securing adequate light and pure

air, or for the purpose of safety from fire or other dangers, or that the congestion of public streets might be lessened, or that the public health, safety, comfort, morals or welfare may be promoted. They do contend that a building of the character proposed by appellees will decrease the value of property in its neighborhood, and that therefore the ordinance comes within one of the purposes of the Zoning act as declared in section 1 thereof,—*i. e.,* conservation of land values throughout the city. The purpose of the Zoning act, as stated, is the conservation rather than the increase of values. The fact that a three-story building may increase the value of real estate surrounding it while a one-story building would not, does not of itself justify an ordinance requiring that a three-story building be built. The premises are now vacant by reason of the building thereon having been destroyed by fire. It would be difficult to demonstrate that a one-story building is more harmful to values of adjoining property than the vacant lot. Conservation of values does not mean increase thereof. It is one thing to say that the citizen may be required to so use his property as to conserve the values of surrounding property, and another and quite astounding proposition to say that he shall so use his property as to increase the value of surrounding property. The ordinance does not find sanction under this purpose of the act. The language, "to regulate and limit the height and bulk of buildings hereafter to be erected," is to be construed in the light of the purposes expressed in the act. The word "limit," in its general application, means to restrict. To restrict the height of buildings in furtherance of the purposes as set out in section 1 of the act confers only the power to prescribe the height to which buildings may go, and not to compel the erection of buildings of a prescribed height. As the height of buildings in cities increases, fire hazards increase, especially where the fire equipment cannot reach fires in high buildings. "Limit," therefore, must be construed to mean

"abridge, confine and restrict," and when used in connection with the word "height" it seems clear that the only power given by the statute to the city council is that of fixing a height above which a building shall not be erected.

Appellants urge that no such restrictive meaning can be imposed on the word "regulate." In *People* v. *Busse,* 240 Ill. 338, it was held that the power to regulate does not include the power to prohibit. The language construed in that case was that of the Cities and Villages act conferring upon city councils the power "to tax, license and regulate second-hand and junk stores." It was held that the word "regulate" did not give the city council the power to fix the location of junk stores. See, also, *Huesing* v. *City of Rock Island,* 128 Ill. 465.

A similar question arose in *Dorison* v. *Saul,* 98 N. J. L. 112, 118 Atl. 691. The action there was likewise for *mandamus* to compel the issuance of a building permit for a two-story building. A permit was refused on the ground that the zoning ordinance of the city prohibited the erection in that district of buildings of less than three stories in height. The Zoning act of New Jersey was entitled, "An act to enable cities to regulate and limit the height and bulk of buildings," etc. The act also there provided that the regulations should be for the purpose of securing safety from fire and other dangers and to promote the public health and welfare, to secure adequate light, air and convenience of access. In construing the ordinance there in question the court said: "It seems to us that this act confers on municipalities only the power to limit the height of buildings and not to compel the erection of buildings of a prescribed height. The height of buildings in cities increases the fire hazard, especially if the fire department of the city is inadequately equipped to reach fires in high buildings. To permit a city to meet such conditions this statute was probably enacted. The use of the word 'limit,' both in the title and body of the statute, is significant. The

word, it seems to us, is used in the sense of abridge, confine and restrict. Followed by the word 'height' it is clear that the only power given to the municipality is that of fixing a height above which a building shall not be erected. This construction is supported by the statute itself, as the statute expressly states that such regulation shall be designed to secure safety from fire and other damage and to promote the public health and welfare, etc. Two-story buildings are certainly no more subject to fire hazards than three-story buildings. Neither is the public health or welfare the better conserved by the erection of three-story buildings than two-story buildings. The prohibition of the erection on the relator's land of two-story buildings is not, we think, a power which is given by the statutes the defendants invoke. It is also not a reasonable and proper exercise of the police power, if that power can be invoked by a municipality in the absence of specific legislative authority."

In *Kilgore* v. *Gratto*, 112 N. E. (Mass.) 489, the town of Lexington, Massachusetts, accepted the provisions of a certain statute giving to towns the power to regulate the inspection, materials, construction, alteration, repair, height, area, location and use of buildings, and pursuant thereto adopted a code of building by-laws, one of the provisions of which was, in effect, that no building should be erected for use as a factory without a permit countersigned by the selectmen. It was held that such provision of the building code was not included in the power to regulate buildings and was not authorized by the act.

We are of the opinion that the words "regulate" and "limit" cannot be construed as power to compel the erection of a building of any specified height. This construction of the language also harmonizes with the purposes set forth in section 1 of the Zoning act.

Appellees contend that if the construction sought to be placed on the act by appellants is correct, the act is invalid

as violating the due process clauses of the State and Federal constitutions. Counsel for appellants do not contend that this ordinance can be sustained upon the ground that it is carrying out one of the purposes expressed in the act other than that hereinbefore considered, but they say that the ordinance is authorized by the act and that the latter is grounded on æsthetic reasons and can therefore be sustained as a matter of public welfare. Whether acts of the character of zoning acts, which are sustained as a valid exercise of the police power of the State, (*Deynzer* v. *City of Evanston,* 319 Ill. 226; *City of Aurora* v. *Burns,* 319 id. 84;) may be held valid for purely æsthetic reasons is argued at length in the briefs of counsel, but it does not become necessary to decide that issue. The purposes set forth in section 1 of the act empowering city councils to pass zoning ordinances include the substantial purpose to protect the safety, health, comfort, morals and welfare. A one-story building no more injuriously affects the public health, safety, comfort, morals or welfare than a three-story or five-story building. The promotion or protection of a refined æsthetic taste is not among the purposes enumerated. The act does not authorize the section of the ordinance complained of.

For the reasons herein given the judgment of the circuit court was right, and that judgment is affirmed.

*Judgment affirmed.*