Stephen E. McGann and Elizabeth McGann, Appellants, v. S. C. Lurie and Maurice Weissman, Appellees.

**Gen. No. 47,157.**

First District, Third Division.
November 6, 1957.
Released for publication December 18, 1957.

297

Samuel Nineberg, of Chicago, for appellants.

Maurice Weissman, of Chicago, for appellees.

PRESIDING JUSTICE BURKE delivered the opinion of the court.

A judgment for $5,422.64 was entered in favor of S. C. Lurie and against Stephen E. McGann and Elizabeth F. McGann. A citation to discover assets was served personally on the debtors commanding them to appear before the court on a day certain to submit to examination under oath. The debtors appeared by their attorney and obtained a postponement. The debtors did not appear on the day to which the case was postponed and a rule to show cause why they should not be found guilty of and punished for contempt was issued. In reliance upon representations in a petition by the attorney for the creditor, the court gave permission to serve the rule by mailing a copy thereof by registered mail. The envelope containing the copy of the rule was returned by the postal authorities bearing the stamp "Returned." On the basis of a verified petition the court directed that a writ of attachment issue commanding the Sheriff to take the bodies of the debtors and bring them before it. The Sheriff executed a writ of attachment and took the debtors before the court. On a hearing the court quashed the attachment and discharged the debtors. The judgment debtors filed a complaint against the judgment creditor and Maurice Weissman, his attorney, and asked damages of $100,000. The court sustained defendants' motion for a summary judgment and plaintiffs appeal.

The plaintiffs assert that the essential allegations of their complaint for "malicious prosecution" are not denied; that they were not served with a rule to show cause nor did they have knowledge of the rule; and

that there cannot be civil contempt of court unless there is a willful violation of a court order and the respondent has been personally served with a rule to show cause or has actual knowledge thereof. Plaintiffs proceed on the theory that the defendants are guilty of malicious prosecution. During the oral argument it was suggested that the case should be considered on the theory of malicious abuse of process. The attorney for the plaintiffs said that the ultimate facts pleaded would support a case under the theory of malicious abuse of process.

The citation was served on the debtors who appeared by counsel and obtained a postponement. Because they did not appear on the day to which the hearing was postponed, the court ordered the issuance of a rule to show cause why they should not be found guilty and punished for contempt of court. The rule could not be served on the respondents. Thereupon the court entered an order permitting the service of the rule by registered mail. This was attempted. However, the envelope containing the rule was returned by the postal authorities undelivered. The court then directed that an attachment for the apprehension of the respondents be issued and delivered to the Sheriff for service. This was done and the Sheriff brought the respondents before the court.

■ Supreme Court Rule 24 provides that a citation shall require the party to whom it is directed to appear for examination at a time and place to be specified therein and that any person who fails to obey a citation may be punished for contempt. In Ex parte Henry Petrie, 38 Ill. 498, the court held that in a proceeding against a party by attachment for an alleged contempt for disobedience to an order of the court to pay alimony it is not necessary that notice of the proceeding shall be given to the party before the attachment can properly issue. An attachment in such

case is a process to arrest the body of the person complained of and to bring him before the court to show cause why he should not be adjudged guilty and punished for contempt. In People v. Ryan, 412 Ill. 54 (reversed on other grounds) the procedure followed was the arrest of the respondent under a writ of attachment and the subsequent issuance of a rule to show cause why he should not be held in contempt for failure to appear as a witness. The court said that direct contempts, involving contemptuous conduct within the personal knowledge of the judge, may be summarily punished without the issuance of a rule to show cause and without the hearing of evidence. In the instant case it was within the discretion of the presiding judge to order the issuance of a writ of attachment for the bodies of the respondents without requiring the previous service on them of a rule to show cause.

■■ The order for the writ of attachment against the judgment debtors was issued following the presentation of a verified petition to the court by the judgment creditor. The appellants failed to bring to this court a copy of the verified petition. Where the record is incomplete, a reviewing court will indulge every reasonable presumption in favor of the judgment or order. Any doubt arising from the incompleteness of the record will be resolved against the appellant. We are of the opinion that the record does not show any wrongful or malicious use or misuse of the process of the court.

For the reasons stated the judgment of the Superior Court of Cook county is affirmed.

Judgment affirmed.

FRIEND and BRYANT, JJ., concur.