(No. 37328.—

THE CITY OF CHICAGO, Appellee, *vs.* HYMEN MILLER *et al.,*
Appellants.

*Opinion filed February 1, 1963.—Rehearing denied March 27, 1963.*

HARRY G. FINS, FAVIL DAVID BERNS, and SAMUEL B. BASS, all of Chicago, for appellants.

JOHN C. MELANIPHY, Corporation Counsel, of Chicago, (SYDNEY R. DREBIN and JOHN J. O'TOOLE, Assistants Corporation Counsel, of counsel,) for appellee.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

The city of Chicago brought suit in the circuit court of Cook County against the defendants to compel them to make certain improvements to a building owned by them so that the building would comply with certain provisions of the municipal code of Chicago. The case was heard by the trial court without a jury. The defendants submitted no evidence, and at the conclusion of the plaintiff's evidence

the court entered a decree finding that the city had proved that the defendant's building did not comply with the municipal code in certain respects and ordering the defendants to make improvements to their property so as to bring it in compliance with the code. The trial judge certified that the validity of a municipal ordinance was involved and the public interest required an appeal to this court, and the defendants have appealed.

In addition to contesting the validity of the ordinances, defendants contend that the decree of the trial court is erroneous in certain other respects, and we shall first consider these contentions. This action was brought under the authority of section 23—70.3 of the Revised Cities and Villages Act (Ill. Rev. Stat. 1959, chap. 24, par. 23—70.3) which provides, in substance, that if the appropriate official of any municipality determines upon due investigation that any building in the city fails to conform to the minimum standards of health and safety as set forth in the applicable ordinances of the city, and the owner of the property fails, after due notice, to cause the property to conform to the ordinances, the municipality may make application to any court of competent jurisdiction for an injunction requiring compliance. The defendants argue that a prosecution by a municipality for the violation of an ordinance is a common-law action in which the defendants are entitled to a trial by jury, and defendants contend that since this proceeding involves an alleged violation of a municipal ordinance that they are entitled to a trial by jury in an action at law despite the provisions of this statute. A similar contention was advanced in *Village of Spillertown* v. *Prewitt,* 21 Ill.2d 228, where we affirmed a decree granting an injunction against the operation of a strip mine. We held that prosecutions for day-to-day violations of the ordinance prohibiting such an operation would not serve the intent of the ordinance to protect the public. We held that a court of equity had jurisdiction and that the defendant was not entitled to a

trial by jury. Under this authority the city here had the power to proceed in equity even in the absence of the statute, and we therefore hold that the procedure was authorized and did not deprive the defendants of the right to trial by jury.

The defendants also argue that the city was estopped from obtaining the relief sought by its complaint. The evidence showed that this building was constructed in 1899 under a permit issued by the building department of the city of Chicago. Defendants contend that after a lapse of more than 60 years since the original construction of the building the city should be estopped from complaining about any building violations. This argument completely ignores the fact that the violations complained of in this case have nothing to do with the original erection of the building but deal with violations of the present municipal code, which was enacted in 1949 and was made applicable to existing buildings in 1956. The mere fact that the building was originally constructed under the authority of a permit issued by the city in no way estops the city from bringing an action to compel compliance with the existing code.

In further support of the defendants' estoppel argument, they contend that the city is estopped from demanding compliance with the code by reason of the fact that the defendants purchased the building in 1957, allegedly in reliance upon certain statements by a city employee that the building did not violate the code. The defendant Hymen Miller testified that before he bought the building he went to the building department of the city and told some person in the office that he intended to buy this building and wanted to see what condition it was in. According to this defendant, he was told that it looked pretty good; that there were inspection records and they all seemed to be o.k.; and that there did not seem to be anything drastically wrong according to the records. Defendant further testified that he also inspected the building and could see no reason

why he should not buy it. There was no evidence to indicate that the defendant checked the municipal code to see if the building complied with the code. Defendant testified that he had an attorney at the time of the closing of the real-estate purchase but that he did not ask his attorney to check and see whether the building complied with the code because the defendant felt that he was just as qualified as the attorney would be. It is settled that as a general rule a city cannot be estopped by an act of its agent beyond the authority conferred upon him. This general rule is qualified to enable a party to invoke the doctrine where his action was induced by the conduct of a municipal official and where, in the absence of such relief, he would suffer a substantial loss. (*Cities Service Oil Co.* v. *City of Des Plaines*, 21 Ill.2d 157.) In that case we held the doctrine applicable because of special circumstances which are not present here. We pointed out that the property owner there had attempted to secure a copy of the ordinance relating to service stations and that the city officials had furnished him with a copy of an ordinance that was no longer in existence and also pointed out that the property owner had expended substantial sums in the construction of the service station before the permit was revoked. We stated in that case that if one is aware of an applicable ordinance or makes no attempt to know of it, even the issuance of a permit contrary to the provisions of the ordinance does not create an estoppel. In the present case the defendants made no attempt to ascertain the applicable provisions of the code. No permit was issued and the defendants relied simply on the oral representations of an unnamed person in the building department that so far as that person could see from the file there were no violations. In *Gregory* v. *City of Wheaton*, 23 Ill.2d 402, the property owner claimed that the city was estopped from complaining about a multiple-family use of property in a single-family zone. The city had issued a permit authorizing the con-

struction of a stairway to a third-floor apartment and the property owner contended that the issuance of this permit estopped the city from complaining about a violation of the zoning ordinance. We held that the issuance of the permit and the actual commencing of the construction of the stairway were insufficient to take the case out of the general rule so as to make the doctrine of estoppel applicable. The facts in the present case upon which defendants seek to create an estoppel are not as persuasive as those in *Gregory,* where we held the doctrine inapplicable. We hold that the general rule is applicable to the present case and the city is not estopped.

The defendants also contend here that the city is barred by *laches.* This contention is again based upon the fact that the building had been in existence since 1899 and no action had been taken by the city to compel compliance with the building code. As we have heretofore pointed out, the original construction of the building is not involved here and it is entirely immaterial how long the building had been in existence. Furthermore, the doctrine of *laches* is not applicable to a governmental unit in the exercise of its governmental rights and powers. *People ex rel. Nudelman* v. *Superior Petroleum Co.* 372 Ill. 546.

It is also argued that the city failed to bring itself within the terms of the statute authorizing a prosecution of this action. As we have heretofore pointed out, this statute provides for an investigation and determination by an appropriate officer of a municipality. The defendants contend that the only appropriate officer qualified to make such an investigation is the commissioner of buildings of the city of Chicago and that since the commissioner did not testify and there was no evidence that he had made a personal investigation, the required investigation and determination had not been proved. Defendants cite no authority in support of this contention and we are satisfied that it is without merit. Section 13—4 of the Chicago Mu-

nicipal Code provides that the assistant commissioner of buildings shall be in charge of the city's housing enforcement program. The assistant commissioner testified that he was in charge of the investigation team which inspected the building and that the inspection was made by his authority and under his supervision. In our opinion this evidence was sufficient to establish that the investigation and determination was made by an appropriate officer of the municipality. The statute also provides that application to a court shall be made only after due notice, and the defendants contend that the evidence here failed to establish notice. The assistant commissioner testified that there was a co-ordinated inspection and notices were sent. The defendants argue that this testimony is insufficient to establish that the notice required by the statute was given in that it does not show the date upon which the notice was given or the person or persons upon whom the notice was served and does not establish the content of the notice. The statute does not prescribe the form of the notice, and in our opinion the uncontroverted testimony that notices were sent is sufficient to establish that the city complied with the notice requirement.

We turn now to a consideration of the principal issue, which is the validity of the ordinances involved here. In general, these sections of the municipal code impose certain requirements with respect to ventilation of kitchens, the sufficiency of the sanitary facilities, the venting of certain plumbing fixtures, and the fire-resistant qualities of the walls, partitions and doors. The code provides that these provisions are applicable to all buildings, including those built before the effective date of the ordinance.

The defendants contend that the retroactive provisions are in direct conflict with section 73—1 of the Revised Cities and Villages Act. (Ill. Rev. Stat. 1959, chap. 24, par. 73—1.) This section is found in article 73 entitled "Special Powers—Zoning" and has been recognized as the

legislative authority for the enactment of zoning ordinances by municipalities. (*People ex rel. Skokie Town House Builders, Inc.* v. *Village of Morton Grove,* 16 Ill.2d 189; *Brown* v. *Board of Appeals,* 327 Ill. 644; *City of Aurora* v. *Burns,* 319 Ill. 84.) The section contains, in addition to many other powers, a provision authorizing a city to fix standards to which buildings or structures shall conform, and also provides that the powers conferred by the section shall not be exercised so as to deprive the owner of an existing property of its use or maintenance for the purpose to which it was lawfully devoted at the time of the enactment of the ordinance. The defendants contend that this provision prevents the application of building requirements to existing buildings. We cannot agree. The provision authorizing the fixing of standards is obviously designed to implement the city's right to enact comprehensive zoning ordinances and the provision with respect to existing uses serves as a protection for nonconforming uses in existence at the time the zoning ordinance is enacted. No zoning questions are involved in the present case and this section is inapplicable.

The legislative authority for the imposition of building requirements such as are involved here is found in article 23 of the Revised Cities and Villages Act granting general powers to the corporate authorities and particularly in sections 23—70, 23—72 and 23—81 of that article. (Ill. Rev. Stat. 1959, chap. 24, pars. 23—70, 23—72, 23—81.) In the exercise of the powers conferred by these sections, the city may impose reasonable building requirements for the protection of the health and safety of the city inhabitants. (*Father Basil's Lodge* v. *City of Chicago,* 393 Ill. 246.) The real issue involved here is whether these building requirements can constitutionally be made applicable to existing buildings.

This issue has previously been resolved by the decisions of this court. In *Abbatte Bros., Inc.* v. *City of Chicago,* 11

Ill.2d 337, we considered whether the city of Chicago could constitutionally require elevators in existing buildings to be modified so as to include a safety interlock device. After reviewing the previous decisions of this court and the decisions of other jurisdictions, we held that municipal corporations in the exercise of their police power may constitutionally require changes in existing structures for the protection of health and safety, provided that it appears that the public welfare demands such application and that the property owners do not suffer unreasonable exactions as contrasted with the resulting public benefits. The testimony in the present case, none of which was rebutted, showed that all of the provisions involved here tended to promote the public health and safety. Defendants introduced no evidence tending to prove that the cost of compliance would be unreasonable compared to the benefits accruing to the public. We hold that the city in the exercise of its police powers as conferred by the legislature had the authority to enact the provisions involved here and also had the authority to make such provisions applicable to existing buildings.

The defendants also argue that one of these provisions, dealing with the number of bathrooms in a building, is unconstitutional because it is based upon an arbitrary and improper classification. This section provides that the occupants of not more than two family units which are located in the same dwelling may share a single bathroom. The building contains 22 units, 7 of which have private bathrooms, and 15 of which share 5 other bathrooms. The defendants contend that classification according to the number of rooms rather than to the number of persons who are to use the bathroom is an unnatural classification and is purely arbitrary. The principal authority cited in support of this contention is *Brennan* v. *City of Milwaukee,* 265 Wis. 56, where the Supreme Court of Wisconsin held an ordinance unconstitutional which provided that 2 apartments of

not more than 3 rooms each could share a single bathtub or shower, while larger apartments were required to have their own bath facilities. The Wisconsin court held that the classification by the number of rooms rather than by the number of persons using the facilities was an arbitrary and unreasonable classification. But it has been pointed out that the Wisconsin court in the *Brennan* case apparently ignored the probable relation between apartment size and occupancy and also failed to give proper weight to the legislative judgment in imposing classifications. (69 Harvard Law Review 1115-1121.) The decisions of this court make it clear that the question of whether there is any connection between a given ordinance and the police power claimed to be exercised thereby and the question of whether any classification set forth in the ordinance is reasonable is primarily a matter for legislative determination, and the classification adopted by the legislation will not be disturbed by the courts unless it is manifestly unreasonable. (*Father Basil's Lodge v. City of Chicago,* 393 Ill. 246.) A legislative classification need not be scientific, logical, or consistent but need only have a reasonable basis when considered with reference to the purpose of the legislature. (*Hansen* v. *Raleigh,* 391 Ill. 536.) We are of the opinion that the classification adopted by the city council bears a reasonable relation to the purpose sought to be accomplished and is not manifestly unreasonable. An ordinance is presumed to be valid and the burden is upon the party attacking the ordinance to show its invalidity. (*City of Decatur* v. *Chasteen,* 19 Ill.2d 204.) We are of the opinion that the defendants have failed to overcome the presumptive validity of this ordinance.

The final contention advanced by the defendants on this appeal is that the decree of the trial court finding that the defendants' building did not comply with the various provisions of the code is not sustained by the evidence. We do not believe that it would serve any purpose other than to prolong an already lengthy opinion to discuss the evi-

dence in detail. This case was heard by the trial court without a jury and his findings on questions of fact will not be disturbed unless they are contrary to the manifest weight of the evidence. (*Warner* v. *Gosnell,* 8 Ill.2d 24.) The defendants introduced no evidence at the trial of this cause and the city's evidence therefore stands uncontradicted. We have reviewed the evidence as set forth in the record and we are satisfied that the decree of the trial court is fully supported by the evidence.

We have considered all of the assertions of error advanced by the defendants and are of the opinion that the decree of the trial court was correct. The decree is therefore affirmed.

*Decree affirmed.*