THE CITY OF CHICAGO, Plaintiff-Appellant, *v.* JAMES F. SHERIDAN *et al.*, Defendants-Appellees.

First District (5th Division) No. 61232

Opinion filed July 23, 1976.—Rehearing denied August 19, 1976.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Marsile J. Hughes, Assistant Corporation Counsel, of counsel), for appellant.

Howard M. Turner, of Chicago, for appellees.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiff sued to compel defendants' compliance with certain building fire safety ordinances of the City of Chicago (Municipal Code of Chicago, chapters 49, 62 and 78). This appeal is brought from a judgment for defendant and from a denial of plaintiff's motion to vacate that judgment. The issues concern whether any violations had been proved; whether the city ordinances which allegedly were violated should be applied retroactively; and, assuming such application, whether the court improperly ruled that the public welfare did not require their enforcement.

The suit had initially been dismissed on the ground that the building

was pre-ordinance; *i.e.*, it had been constructed prior to the effective date of the ordinances involved. The city then moved to vacate the dismissal order and, after a hearing on that motion, the court vacated its prior dismissal with a finding that the ordinance had retroactive application and that the building was in violation of the ordinance. A further hearing was then set apparently for the sole purpose of determining whether the public welfare required retroactive application. At this hearing, defendant testified that her husband was then deceased and that she was employed with a gross monthly income of $1,146, with a debt of $2,000 incurred as the result of her husband's death. Her expenses included $250 taxes on the building in which she was then living and $50 per month train fare to and from her place of employment. She had sold the property in question on contract, receiving a $1,000 down payment. Under the contract, she was to receive $175 a month for 10 years. She paid the first half of the taxes on the property at the time of sale. She stated also that the purchaser's family of three resided on the first floor, and another family of two lived in the rented second floor. Before the sale, she had resided in the building for 25 years and, during all of that time, another family had lived on the second floor. The buildings on both sides of the property in question were of identical construction, each having an upstairs apartment with a separate stairway leading thereto.

An inspector for the city had visited the building five days before the hearing. He testified that the upstairs apartment was partially wood and plaster, with a drop of about 30 feet from the second floor to ground level, which was the same drop as the building next door. He gave his opinion that it would cost $1,045 to bring the building into accord with existing ordinances. He also testified that the second floor was unoccupied at the time of his visit, and he admitted that his report showed that "there was compliance on the building" and that it had been recommended for a certificate of inspection.

In its order, the court found that the public welfare did not require retroactive application of the ordinances alleged in the complaint, because the owners "will suffer unreasonable exactions as compared with the resulting public benefits if they are required to comply with such ordinances."

Opinion

■■ Defendant first contends that the case is moot in that no evidence of a violation was ever presented and because the inspector stated that his report not only showed compliance but also that the building was recommended for a certificate of inspection.

We reject this contention. We note, however, that it would be persuasive but for the fact that the transcript of testimony appearing in

the record here contains only the evidence adduced at the second hearing regarding retroactive application of the ordinance. The record does not include the report of proceedings of an earlier hearing at which the court, stating in its order that it was "fully advised in the premises," expressly found that the subject property violated the building code. In view thereof, we will presume that finding to have been supported by the evidence. See *Croft v. Lamkin*, 112 Ill. App. 2d 321, 251 N.E.2d 88; *McGann v. Lurie*, 15 Ill. App. 2d 297, 146 N.E.2d 223.

■■ Defendant next argues that the pertinent fire provisions of the building code should not be given retroactive effect to a pre-ordinance building. We believe the law to be well settled that it was the intent of the City Council to make the fire protection requirements of the building code apply to all "existing" buildings and that that term included "pre-ordinance" buildings. (*City of Chicago v. Elmhurst National Bank*, 35 Ill. App. 2d 383, 183 N.E.2d 171; *City of Chicago v. L. J. Sheridan & Co.*, 18 Ill. App. 2d 57, 151 N.E.2d 451.) We are also of the opinion that the trial court correctly ruled that the City Council has the power to make its fire protection requirements retroactive. It was so held in *Kaukas v. City of Chicago*, 27 Ill. 2d 197, 201, 188 N.E.2d 700, where the court stated:

> "It is clear that a city may lawfully make building requirements applicable to buildings in existence at the time the ordinance was enacted, even though these buildings complied with the ordinance in effect at the time the new ordinance was enacted."

See also *City of Chicago v. Miller*, 27 Ill. 2d 211, 188 N.E.2d 694.

There remains then only the questions of whether retroactive application of the fire ordinance may be excused, as the court did here, on public welfare grounds and, if so, whether the facts in the instant cause justify allowing non-compliance.

■■ A balancing of interests test between benefit to the public from compliance and the cost thereof to the property owner was recognized in both *Kaukas* and *Miller*. In *Kaukas*, the court held that the public welfare should not demand retroactive application where the property owners affected suffer unreasonable exactions as compared with the resulting public benefits. In *Miller*, the court, at pages 218-19, reviewed its prior holding in *Abbate Bros., Inc. v. City of Chicago*, 11 Ill. 2d 337, 142 N.E.2d 691, *appeal dismissed*, 355 U.S. 65, 2 L. Ed. 2d 106, 78 S. Ct. 140, wherein it stated that:

> "After reviewing the previous decisions of this court and the decisions of other jurisdictions, we held that municipal corporations in the exercise of their police power may constitutionally require changes in existing structures for the protection of health and safety, provided that it appears that the public welfare demands such application and that the property

owners do not suffer unreasonable exactions as contrasted with the resulting public benefits."

Thus, it appears to be well settled that retroactive application of the ordinance is not demanded in all circumstances but may be excused when the balancing of interest test of *Kaukas, Miller* and *Abbate* so require.

■■ There remains then the final issue concerning the propriety of the court's finding that compliance was not required because, as the court stated, if defendant is compelled to comply with the ordinance, she "will suffer unreasonable exactions as compared with the resulting public benefits." This finding was made after a full hearing, at which evidence was adduced regarding the income of the widowed owner, the cost of repair, and the fact that the building was in relatively the same condition for 25 years. Considering the totality of the circumstances, we cannot say the trial court's determination that the public welfare did not require retroactive application of the ordinance was unwarranted. Accordingly, the judgment is affirmed.

Affirmed.

BARRETT and DRUCKER, JJ., concur.