ALSOM P. CHAMPLIN *et al.*

*v.*

NANCY M. CHAMPLIN *et al.*

*Filed at Ottawa January 22, 1891..*

1.  NEW TRIAL—*on the evidence—on the question of mental capacity to make a will.* Where the evidence on the contest of a will is conflicting as to the mental capacity of the testator to make a will, the verdict of the jury will not be·disturbed, unless it is clearly against the weight of the evidence.

2.  TRUST—*by verbal agreement—Statute of Frauds.* One making an absolute and unconditional deed of land to his mother without any actual consideration, the deed reciting a consideration of one dollar, can not establish a trust in the grantee by a parol agreement that she was to hold the land during her life for the use of the grantor, and his brother and sister after her death ; nor can such trust be shown by the declarations of the grantee that the land belonged to her children.

3.  In such case, the grantee, after the conveyance to her, made a will, in which she devised the land according to her parol agreement, but the will contained no declaration or statement that she held the land in trust, and she afterward conveyed the land and made a different will :  *Held,* that the execution of the prior will did not take the case out of the Statute of Frauds.  If the testatrix had stated in the first will that she held the land in trust, then the trust might be enforced.

4.  RESULTING TRUST—*when it arises.*  As a general rule, where real property is purchased and a conveyance of the legal title taken in the name of one person while the purchase money is paid by another, a resulting trust immediately arises from the transaction, and the person to whom the conveyance is made will hold the property for the party who furnished the purchase money.

5.  So where one purchases land and pays for it out of his own means, but takes the deed to another, who pays nothing therefor, the grantee will take and hold the land in trust for the one so purchasing and paying the purchase money.

APPEAL from the Circuit Court of Livingston county ; the Hon. N. J. PILLSBURY, Judge, presiding.

Mr. H. H. McDOWELL, and Mr. G. W. PATTON, for the appellants.

Messrs. McILDUFF & TORRANCE, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Alsom P. Champlin and Henry C. Champlin, to set aside a will, and the probate thereof, of Tirzah Champlin, the mother of complainants, on the ground that the testatrix was incompetent to make a will at the time the alleged will was executed. It is also charged in the bill that the lands devised were held by the testatrix, not in her own right, but in trust for the complainants and others, and hence she had no power to devise the same by will or convey by deed. The complainants in the bill prayed that the instrument of writing purporting to be the last will and testament of Tirzah Champlin, deceased, and the probate thereof, be set aside as null and void; that the instrument in writing made and executed by her, and bearing date March 15, 1881, be declared her last will and testament, and the said estate distributed in accordance therewith, and that the said deeds of date March 2, 1887, be declared null and void, and that the same may be set aside, and that such other and further relief might be awarded as equity might require, etc.

The defendants put in an answer to the bill, in which all material allegations relied upon for relief were denied, and, upon the filing of a replication, an issue was made up for a jury, whether the paper writing produced was the last will and testament of Tirzah Champlin, deceased. The issue thus formed was submitted to a jury, and after hearing the evidence the jury found that the testatrix, at the time she executed the paper writing, was mentally competent to execute the same, and that the paper writing was her last will and testament. Upon the other question,—whether Tirzah Champlin held the lands devised by the will in trust,—the cause was referred to the master in chancery, to take and report the evidence to the court. After the evidence was taken, a hearing was had, and a decree rendered in favor of the defendants.

It is first insisted that the verdict of the jury on the question of testamentary capacity of the testatrix is contrary to the weight of evidence, and upon that ground the decree should be reversed. On the trial much evidence was introduced tending to show a want of mental capacity to execute a will. On the other hand, evidence was introduced tending to show that the testatrix, at the time she executed the will, was capable of transacting ordinary business, and hence possessed the necessary mental capacity to dispose of her property by will. As often occurs in such cases, there was much conflict in the evidence. We have given the evidence a careful consideration, and, while much of it tends to sustain contestants' view, we are not prepared to say that there is such a preponderance in favor of contestants as would authorize us, on appeal, to disturb the finding of the jury. This court has held, in many cases, that when the evidence is conflicting the verdict of the jury will not be disturbed, unless it is clearly against the weight of evidence.

It is also claimed that Tirzah Champlin held the two tracts of land in trust, and had no right to dispose of them by deed or will, as she attempted to do by deed of March 2, 1887, and will of June 24, 1887. The lands involved consisted of two tracts,—the north-east quarter of section 29, township 27, north, range 6, east of the third principal meridian, and sixty-three acres adjoining the quarter-section, known as the "Beedler tract." It appears from the evidence that the quarter-section was purchased by Lewis C. Champlin, in 1861, of W. G. McDowell. He bought the land on credit, and received a bond for a deed. In September, 1862, he enlisted in the army, and turned over his contract to the complainants, Alsom P. and Henry C. Champlin, who assumed the payments, took possession of and improved the land. On the 31st of December, 1866, complainants had accumulated $2000, and borrowed $2000 more, which they paid to McDowell, and he executed and delivered to Alsom P. Champlin a deed for the

premises. The complainants, together with their father and mother and three sisters, from the time of the purchase resided upon the premises, the complainants having the entire management of the farm and all business connected therewith. Alsom P. Champlin had remained unmarried until 1876, when he notified the family that he expected soon to be married. This announcement created discord in the family, the sisters insisting that they had assisted to earn the land, and the marriage of complainant, without some arrangement, might deprive them of their rights. It was finally agreed that Alsom P. Champlin should convey the quarter-section of land to his mother, Tirzah Champlin, and she should hold it until her death, when it should be equally divided between the two complainants and their three sisters. Under this arrangement Alsom P. Champlin, on August 4, 1876, for the expressed consideration of one dollar, conveyed the land to his mother.

The deed executed by Champlin to his mother is an absolute, unconditional deed. It contained nothing indicating that the land was conveyed in trust. Indeed, the only evidence introduced to prove the trust was the declarations of Tirzah Champlin, to the effect that she did not own the land; that she could not sell it; that it belonged to the children, and they would get it after her death. Section 9, chapter 59, of our Statute of Frauds and Perjuries, (Rev. Stat. 1874, p. 541,) provides: "All declarations or creations of trusts or confidences of any lands, tenements or hereditaments shall be manifested and proved by some writing signed by the party who is by law enabled to declare such trust, or by last will in writing, or else they shall be utterly void and of no effect: *Provided*, that resulting trusts, or trusts created by construction, implication, or operation of law, need not be in writing, and the same may be proved by parol."

It is not claimed that the transaction established a resulting trust, or a trust created by construction, implication, or operation of law. It will be observed that the deed contained no

recital that the land was conveyed in trust, and there was no writing of any description showing or tending to show that the land was conveyed in trust or held as trust property, and, under the statute, the agreement relied upon, tending to establish a trust, was void. (*Lantry* v. *Lantry*, 51 Ill. 458; *Scott* v. *Harris*, 113 id. 447.) It, however, appears, that in 1881 Tirzah Champlin executed a will, in which she devised the lands to complainants and their three sisters, so that at her death they would take the lands share and share alike, as she had verbally agreed they should have the lands when they were conveyed to her, and it is argued that the execution of the will is a sufficient writing to take the transaction out of the operation of the Statute of Frauds. Had the paper executed as a will contained a declaration or statement, over the signature of Tirzah Champlin, that she held the lands in trust, the trust might be enforced. But the will contains no declaration or statement of that character. On the other hand, by the will she disposed of the property as an absolute owner.

So far, therefore, as the quarter-section of land is concerned, we think the decision of the court holding that no trust was established, was correct; but as to the other tract,—the sixty-three acres known as the "Beedler tract,"—it rests upon a different principle. The evidence shows that this land was purchased in 1876 by A. P. and Henry Champlin, and paid for by them, but the deed was made from Beedler (who sold to the Champlins) to Tirzah Champlin. She paid no part of the purchase money, was not present when the deed was executed, and, so far as appears, had nothing to do with the purchase of the land. As a general rule, where real property is purchased and a conveyance of the legal title is taken in the name of one person while the purchase money is paid by another, a resulting trust immediately arises from the transaction, and the person to whom the conveyance is made will hold the property in trust for the party who furnished the purchase money which paid for the property. (Perry on Trusts, sec. 126.) A

trust of this character does not depend upon a contract or arise from an agreement, nor is it affected by the Statute of Frauds; but, on the other hand, a resulting trust is one arising by operation of law, where an estate has been purchased in the name of one and the consideration came from another. (*Lloyd* v. *Spillett,* 2 Atk. 150.) Under the law as to resulting trusts, we think it is clear that Tirzah Champlin never owned the sixty-three acre tract purchased of Beedler, and she had no right to sell it, or devise it by will. As to this tract of land we are of opinion the decree was erroneous.

Several other questions have been discussed in the brief of counsel for appellants, but a part of them do not arise on the record, and the others are not of sufficient importance to merit a discussion.

For the error indicated the decree will be reversed, and the cause remanded, with leave to amend the bill to conform to the evidence in respect to a resulting trust, or otherwise, and to make new parties, if counsel deem it advisable to do so, with leave also for each party to introduce additional evidence.

*Decree reversed.*