BERTHA V. MASTERS *et al.* Appellees, *vs.* NELLIE V. MAYES, Appellant.

*Opinion filed October 28, 1910.*

1. TRUSTS—*donor parts with title when an express trust is created.* One who agrees to give a sum of money to his daughter to purchase land on condition that the title be conveyed to him as trustee parts with all title to the money, except as trustee, when the deed is made conveying title to him as trustee for the daughter with power to convey at her request, and while the express trust terminates upon the conveyance of the premises at the daughter's request, the title to the trust fund remains in her.

2. SAME—*when resulting trust arises.* Where money received from the sale of land held by a father upon express trust for his daughter is re-invested in other land, the title to which is taken in the name of the father by a deed absolute in form, a resulting trust arises in favor of the daughter, which may be enforced against the father and his voluntary grantee having notice of facts.

APPEAL from the Circuit Court of Peoria county; the Hon. T. N. GREEN, Judge, presiding.

M. J. DAUGHERTY, and MANSFIELD, COWAN & BOULWARE, for appellant.

CAMERON & CAMERON, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

The appellees herein, Bertha V. Masters and Ollie M. Coons, filed their bill of complaint in the circuit court of Peoria county, to the September term, 1909, against the appellant, Nellie V. Mayes, and one Daniel D. Brengle, to set aside a deed made by said Brengle to Nellie V. Mayes for an undivided one-half interest in certain real estate in the city of Peoria known as 711 Bradley avenue, and to establish a resulting trust in said undivided interest in favor of appellees. The defendants answered the bill denying the material allegations thereof and filed a plea setting

up the Statute of Frauds, and Nellie V. Mayes filed a cross-bill for the partition of the premises. The cause was referred to the master, who heard the evidence and returned the same into court with his report finding the issues upon the bill and cross-bill in favor of appellees and that Daniel D. Brengle held his title to the premises in trust for the use of Ollie M. Coons, recommending that the deed of conveyance from Brengle to Mayes be set aside and that the cross-bill be dismissed. A decree was entered in accordance with the master's findings and recommendations, and Nellie V. Mayes appealed therefrom to this court.

Daniel D. Brengle, who died after this appeal was perfected by Nellie V. Mayes, was during his lifetime a resident of Winchester, Scott county, Illinois. He was the father of appellee Ollie M. Coons and appellant Nellie V. Mayes and the grandfather of appellee Bertha V. Masters, the latter being a daughter of Ollie M. Coons. During the spring of 1900 Mrs. Coons and her daughter, Bertha V. Masters, determined to purchase a lot in the city of Peoria and erect a house thereon as a home for the family of Mrs. Coons. Brengle offered to give Mrs. Coons $1200 to apply on the purchase of the lot and the erection of the house if Bertha V. Masters would furnish the balance of the money required for that purpose, but insisted that the title to that portion of the premises to be paid for with the $1200 furnished by him be taken in his name as trustee for Mrs. Coons, giving as a reason therefor that he wanted it fixed so that the property could never be taken for debts incurred by Mrs. Coons or her husband. In accordance with this arrangement a lot in the city of Peoria was on March 17, 1900, purchased from Wilbur C. Alvord, who made and delivered a deed conveying to Daniel D. Brengle an undivided five-seventeenths thereof in trust for the children of Ollie Coons for and during her natural life and at her death to be equally divided among her children, and to Bertha V. Masters the remaining twelve-seventeenths

thereof. A house was thereafter erected upon the lot, the total cost of the entire property amounting to about $4650, of which Brengle furnished $1200 and Bertha V. Masters about $1450, and the balance, amounting to $2000, was borrowed and secured by a mortgage upon the property executed by Daniel D. Brengle individually, and Bertha V. Masters. Subsequently Bertha V. Masters purchased an adjoining strip of land for $115, the deed to which was taken in her name. These premises are referred to in the record in this case as 604 Bradley avenue. Subsequently, by a proceeding in court, the deed from Alvord, so far as it affected the interest of Brengle as trustee, was set aside on account of a mistake of the scrivener, and a new deed correcting the error was made under order of court, conveying the undivided five-seventeenths of the property to Brengle in trust for Ollie M. Coons, with power to Brengle, as such trustee, to convey the premises when so requested by the *cestui que trust.* On or about August 22, 1904, Mrs. Coons and Bertha V. Masters determined to sell these premises, purchase another lot and erect a less expensive house thereon. They consulted Brengle about the matter and he consented to and advised such course. They sold the premises at 604 Bradley avenue for $4550 and purchased another lot on the same street for $700. Brengle refused to sign the deed to the former premises except upon the condition that $1200 of the proceeds of sale be placed in a bank to his credit and the title to an undivided one-half of the latter premises be taken in his name, giving as a reason therefor that he intended to leave the property to Mrs. Coons by will. Mrs. Coons and Bertha V. Masters, after some objection, finally agreed to this arrangement. The mortgage indebtedness, amounting to $2150, was first paid out of the proceeds of sale, and $1200 was placed in a bank to the credit of Brengle and the balance was paid to Bertha V. Masters. A house was thereafter erected upon the lot last purchased, the entire cost of the house and lot being

about $3600, of which Brengle furnished $1200, Bertha V. Masters $1800 and a son of Mrs. Coons the remaining $600. These are the premises known as 711 Bradley avenue. Mrs. Coons and her family moved into the house as soon as it was completed and continued to occupy it up to the time of the filing of the bill herein. On March 27, 1905, Daniel D. Brengle executed and delivered to his daughter Nellie V. Mayes, of Alpha, Henry county, Illinois, who knew of the arrangement between her father and Mrs. Coons, a deed purporting to convey to her the undivided one-half interest in the premises at 711 Bradley avenue in consideration of one dollar and natural love and affection. Neither of the appellees knew anything of this conveyance until a short time prior to the filing of the bill herein, the purpose of which was to set aside this deed on the ground that Brengle held the title to said undivided one-half in trust for Mrs. Coons and that the conveyance to Nellie V. Mayes was in violation of that trust. Neither Daniel D. Brengle nor Nellie V. Mayes appeared as a witness in the case, and the testimony given by Ollie M. Coons and Bertha V. Masters, which establishes the facts above set forth, is uncontradicted.

Upon the gift of the $1200 and the investment of the same under the terms of the gift Daniel D. Brengle parted with all title to the money except as trustee, and it became the property of his daughter, Mrs. Coons, subject to the provisions of the trust. By the deed from Alvord, as corrected by order of the circuit court, an express trust was created, and as, under the conditions of the trust, the fee could only be conveyed by Daniel D. Brengle, it was an active trust. When the premises at 604 Bradley avenue were sold upon the request of Mrs. Coons and the purchase price paid, the express trust terminated, and there was nothing left for the trustee to do except to account to the *cestui que trust* for the funds in his hands. There is nothing in the record to show that Mrs. Coons surrendered her

right to that part of the purchase money paid to her father as trustee and returned it to him individually, but, on the contrary, the proof is that Mrs. Coons at all times claimed that fund and there was no controversy in respect to it or the manner of its re-investment, except that Brengle insisted upon taking title to one-half of the property purchased with the proceeds of the sale of the premises at 604 Bradley avenue. The $1200 paid Daniel D. Brengle from the sale of the property at 604 Bradley avenue was the property of Mrs. Coons. This money was used in part payment for the purchase of the property at 711 Bradley avenue and was the consideration for that part of the title conveyed to Daniel D. Brengle. Where real estate is purchased and paid for by one person and the legal title is taken in the name of another a resulting trust immediately arises from the transaction, and the person to whom the land is conveyed will hold it in trust for the one who paid the purchase money. (*Bruce* v. *Roney,* 18 Ill. 67; *Smith* v. *Sackett,* 5 Gilm. 534; *Scheerer* v. *Scheerer,* 109 Ill. 11; *Champlin* v. *Champlin,* 136 id. 309; *VanBuskirk* v. *VanBuskirk,* 148 id. 9; *McDonald* v. *Carr,* 150 id. 204.) When Daniel D. Brengle applied the $1200 belonging to Mrs. Coons to the purchase price of the property at 711 Bradley avenue and took title in himself a resulting trust immediately arose and he held that property in trust for his daughter, Mrs. Coons. Appellant had notice of the facts and was not a purchaser for value, hence she acquired no rights to the prejudice of appellees.

The decree of the circuit court is affirmed.

*Decree affirmed.*