Wilbur R. Williams, Appellee, v. Leila J. Anderson et al., Appellants.

Gen. No. 9,117.

Opinion

filed November 30, 1936. Rehearing denied January 19, 1937.

RUNYARD & BEHANNA, of Waukegan, for appellants; EUGENE M. RUNYARD, of counsel.

HALL & HULSE, of Waukegan, for appellee; ALBERT L. HALL and MARSHALL MEYER, of Waukegan, of counsel.

MR. PRESIDING JUSTICE HUFFMAN delivered the opinion of the court.

Appellee filed his suit in the circuit court of Lake county to the December term, 1932, to establish a parol trust in personal property. The cause was referred to a master, whose findings were against appellee. Objections to the master's report were overruled and permitted to stand as exceptions before the trial court. The trial court sustained the exceptions with respect to the master's findings that no such trust was proven, and entered a decree in favor of the complainant below, finding that the alleged trust was valid and enforceable; declaring appellant, Leila J. Anderson and her husband, C. K. Anderson, to be the trustees thereof; and taxing the costs of the case against them individually. The defendants below have prosecuted this appeal from the above decree.

In the year 1870, Edgar B. Williams married Matilda C. Williams. They lived together as husband and wife from that time until their deaths. Mr. Williams died May 15, 1931, and Mrs. Williams died on July 29, of the same year. Mrs. Williams, at the time

of her marriage to Mr. Williams, had a son by a former marriage, who is the appellee herein, Wilbur R. Williams. There was born to Mr. and Mrs. Williams a daughter, Leila Williams, now Leila Anderson, appellant herein. Mr. Williams died at the age of 85 and Mrs. Williams at the age of 82. They both died intestate. They were residents of the county of Lake, in this State, and administration was had in each of their estates. Boyer Nelson was the duly appointed administrator of the estate of Mr. Williams, and Lyman Grice, the appointed administrator of Mrs. Williams' estate. The administrator of Mr. Williams' estate inventoried the personal property involved herein as the absolute property of the estate of said Edgar B. Williams, and the same came into his custody and possession by virtue of his office.

The complaint charges that Mr. Williams, some time before his death, entered into an oral arrangement and agreement with his wife, Matilda, whereby all of the personal property owned by him at his demise; should pass to and vest in his wife, and that she was to enjoy the income therefrom during her lifetime, and that upon her death, the same should pass to their daughter Leila (appellant), and to appellee (the son of Mrs. Williams by a former marriage), to be divided equally between these two persons. It is then charged that the personal property in question was delivered to C. K. Anderson (appellant's husband), as the agent of Matilda Williams, and as trustee thereof, and that he as such agent took possession of the property and retained the same in the capacity of trustee. Mr. Williams had experienced financial success. He lived in a small place, yet from the record it fairly appears that he was the possessor of an estate of half a million dollars. He and Mrs. Williams, during the later years of their life, made distribution of the greater portion of their property. At the time of Mr. Williams' death, he was retaining but a small portion of his estate, con-

sisting of certain securities which are the subject matter of this litigation.

It appears that Mr. Anderson (husband of Leila Williams), was a man of property and business affairs. He was a resident of Chicago. He is president of the First National Bank at Antioch, which was the home of Mr. Williams. Mr. Anderson looked after the business affairs of Mr. Williams, with respect to the safekeeping of his securities and in the deposits of money or credit to his account. Mr. Williams had a safety deposit box in the bank at Antioch, to which Mr. Anderson had a key part of the time. He also had safety deposit boxes at the Continental National Bank of Chicago, and at the First National Bank of Chicago, to which Mr. Anderson had access. It appears that the contents of these boxes consisted of stocks and bonds, and that real estate papers and such securities as were not listed, were in the box at Antioch. It was the habit and custom of Mr. Anderson's secretary to look after the securities deposited for safekeeping in Chicago, to keep records of the same, clip and cash coupons, which together with dividends were deposited to the account of Mr. Williams. Mr. Anderson looked after the buying and selling of securities for Mr. Williams. Mr. Williams spent his winters in Florida, and depended upon his son-in-law to look after his investments and the payment of all taxes.

The extent of the record in this case prevents a discussion of the evidence. The master found that Mr. Williams did not establish a valid trust of personal property as alleged by appellee complainant; that he did not designate or name either Mr. or Mrs. Anderson as trustee under any such trust; that he did not designate any definite fund or subject matter out of which such trust of personal property was to be created, and did not deliver to either Mr. or Mrs. Anderson as trustees, or as agents for Mrs. Williams, the

personal property involved herein, or any personal property including that as set forth and described in the inventory filed in the estate of Mr. Williams, by the administrator. The master further found that neither Mr. nor Mrs. Anderson had in their possession at the time of the filing of the bill of complaint herein, any personal property or funds of any kind of the estate of Mr. Williams, which they held as trustee under any declaration of trust, verbal or written. Certain written instruments were in evidence for the purpose of tending to establish the alleged trust. The master found that such instruments were not executed in pursuance of any trust agreement made by Mr. Williams; that they were not executed as a will of Mrs. Williams; that the purpose of the documents does not appear therein, and that the purpose had not been explained or established by other competent evidence. The master found that if the instrument in question was an attempted independent agreement between the parties, it cannot be enforced in this proceeding, as no trust was involved, and the parties would thereby have an adequate remedy at law against the administrator of the estate of Mr. Williams, for recovery of the property. The administration of the estate of Mr. Williams is still pending.

The paramount and controlling question to be decided in this case is whether a parol trust was created in the personal property of Mr. Williams, in his lifetime, as claimed by appellee. Trusts in respect to personal property may be created in the same manner in which the title thereto may be transferred, that is, by parol, inasmuch as the statute of frauds has no application. Otherwise the same general rules in creating a trust in land apply to creating a trust in chattels—there must be sufficiently definite language used to raise a trust, and the subject and object must also be sufficiently certain. The expression of a mere mo-

tive or promise or intent to make a gift, when the same are prospective in character, are ineffectual when standing alone. Upon the acceptance of a trust, it becomes the duty of the trustee to reduce to possession the personalty involved in the subject matter of the trust, and to retain it in his custody and control. The evidence required to establish a trust in personal property must be clear and convincing, both as to its existence and as to its terms and conditions.

If a gift of personal property by way of trust is not to take effect until the death of the donor, it will be one of a testamentary nature, requiring the same proof as a will and cannot be given effect as a *donatio causa mortis* which differs from a gift *inter vivos* in that it is revoked by the recovery of the donor. Both classes of gifts which are not of a testamentary kind, must be completed and executed in the lifetime of the donor beyond his power of recall, by a transfer of the possession and legal title to the trustee, or donee. Papers introduced for the purpose of establishing such a trust, but which do not in fact establish same, are unavailing, as courts of equity cannot complete an imperfect or defective gift. *Barnum v. Reed,* 136 Ill. 388; *Telford v. Patton,* 144 Ill. 611; *McCartney v. Ridgway,* 160 Ill. 129; *Taylor v. Harmison,* 179 Ill. 137; *Weaver v. Weaver,* 182 Ill. 287; *Mahan v. Schroeder,* 236 Ill. 392. The trust in its terms must be clearly established. *Trubey v. Pease,* 240 Ill. 513; *Banning v. Patterson,* 363 Ill. 464; *Williams v. Chamberlain,* 165 Ill. 210. The agent must be the agent of the donee and not of the donor, else the gift will be revocable and imperfect.

Appellee relies most strongly upon the case of *Coddington v. Bevan,* 315 Ill. 92, in support of his contention that a parol trust has been established herein. The facts in this case do not fit the facts in the case urged. There is no uncertainty as to the rules of law applicable to the establishment of a parol trust. Cases

of this nature necessarily depend upon the facts therein. It is seldom, if ever, the facts in any two such cases are the same. An examination of the *Coddington* case will disclose that the father and son, following the death of the mother, made a division of the trust fund, which demonstrated a recognition of the same on their part, when taken with the other facts and circumstances existing in the case. In the case now before us, no such thing ever occurred. Upon the death of Mr. Williams, administration was begun upon his estate in the probate court, an administrator was appointed and qualified, and Anderson turned over to the administrator all the property of Mr. Williams which is in controversy herein, as assets of Mr. Williams' estate, which property was inventoried by the administrator as assets of the deceased's estate. Appellee stood by and made no complaint.

Evidence was introduced by the complainant below which tended to prove that Mr. Williams, following the distribution of the greater portion of his estate, had made expressions of his intent and desire as to the disposition of his remaining property, consisting of the securities here involved. These expressions however, were based upon a plan of distribution of such property, which he had arrived at with Mrs. Williams, to the effect that should he die first, she would use the property during her lifetime and that thereafter it was to be distributed equally between appellee and Leila Anderson. These statements were based upon plans between himself and his wife, to be carried out in the future, providing she survived him. While it may well be said that the expressions on the part of Mr. Williams showed an intention and desire, yet we believe they fall short in the creation or establishment of the alleged trust. A man's wish or desire that his property may be distributed a certain way, upon his death, is not sufficient. Subsequent voluntary acts by a deceased's

heirs with respect to his property, are but acts of such parties. They can in no way make a will or establish a trust for a deceased person. Mrs. Williams, who survived her husband some two or three months, could not bring about a trust as claimed herein. Such a trust could only have been created by Mr. Williams. We do not consider the evidence sufficient to establish a trust as claimed by appellee. The other points discussed by counsel in their argument, we do not consider necessary to comment upon, as the views already expressed are deemed sufficient to dispose of this case.

The judgment of the circuit court is therefore reversed and this cause remanded with directions to dismiss the bill of complaint for want of equity.

*Reversed and remanded with directions.*