(No. 46043.—

KENNY CONSTRUCTION COMPANY OF ILLINOIS, Appellee, v. THE METROPOLITAN SANITARY DISTRICT OF GREATER CHICAGO, Appellant.

*Opinion filed March 20, 1974.*

Allen S. Lavin, of Chicago (Sidney B. Baker and James B. Murray, of counsel), for appellant.

O'Brien & Trittipo, Ltd. and O'Keefe, Ashenden, O'Brien & Hanson, both of Chicago (Donald V. O'Brien and James H. O'Brien, of counsel), for appellee.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

This cause, which involves a dispute between plaintiff,

Kenny Construction Company, and the defendant, Metropolitan Sanitary District of Greater Chicago, over the amount due Kenny under a contract for construction of a sewer is before this court for the second time on appeal. In the original trial in the circuit court of Cook County, judgment was entered in favor of Kenny for $131,237.71. On appeal by the Sanitary District and cross-appeal by Kenny, the Appellate Court, First District, reversed the award on the grounds that the Sanitary District was not liable. (128 Ill. App. 2d 104.) We allowed a petition for leave to appeal and reversed the judgment of the appellate court, remanding the cause to the circuit court for a redetermination of the amount due Kenny under the contract for additional work made necessary by changed conditions at the job site. (52 Ill.2d 187.) Following the hearing on remand, the circuit court found the amount due Kenny to be $344,809.95. That court found further that its original judgment of $131,237.71 was still in full force and effect, which left a balance due Kenny of $213.572.24, and an additional judgment for that amount was entered. The Sanitary District perfected an appeal to the Appellate Court, First District, and the cause has been transferred to this court pursuant to Supreme Court Rule 302(b).

The facts are set forth in detail in our first opinion and will be restated here only insofar as necessary for an understanding of the particular issues raised by this appeal. Kenny, which had submitted the low bid, entered into a contract on December 23, 1958, with the Sanitary District for construction of an 8,100-linear-foot sewer in Wheeling Township in Cook County. The controversy now before us arose from the construction of the south 1600 linear feet of sewer where plaintiff encountered unanticipated and unfavorable subsoil conditions. Kenny's attempts to solve the problem by tunneling free air and compressed air and performing an open cut using steel sheeting and air locks were unsuccessful, and work on that section was aban-

doned in mid-December, 1959. Following a series of communications between Kenny and the District between December, 1959, and April, 1960, concerning alternate methods of construction, Kenny was informed of the Sanitary District's decision to approve the use of steel liner plates and steel ribs in completing the affected section. Work was then started again using the liner-plate construction method, and the south 1600 linear feet was eventually completed and accepted by the Sanitary District. When its claim for additional compensation was denied, Kenny instituted suit against the District.

In the first trial the circuit court held that Kenny was entitled to extra compensation under the changed-conditions provisions of the contract providing for such compensation in the event the contractor encountered unanticipated subsurface conditions materially affecting the cost of work to be done. The court further found that Kenny had lost approximately $340,000 in completing the south end of the tunnel. In arriving at the net amount due Kenny, however, the court reduced the $340,000 figure by Kenny's profit on the other sections of the tunnel, leaving a net amount of $131,237.71 for which judgment was entered in Kenny's favor.

In reversing the circuit court, the appellate court held that the Sanitary District was not liable for payment of additional compensation. On the first appeal to this court (*Kenny Construction Co. v. Metropolitan Sanitary Dist.,* 52 Ill.2d 187), we concluded otherwise and held that Kenny was entitled to such additional compensation under the changed-conditions provisions of the contract and that such compensation was to be determined under article 8 entitled "Estimating Extra Work." We further held that the circuit court erred when, after determining Kenny's loss in completing the south 1600 linear feet of sewer tunnel, it deducted from that amount the profits Kenny had realized from its work on the other sections of the tunnel and awarded judgment to Kenny for the balance.

We concluded "that Kenny was entitled to compensation for the additional work made necessary because of the changed or unanticipated conditions in the south section of the tunnel. Kenny performed the additional work under circumstances which amounted to an implied promise that it would be paid if it was subsequently determined that changed conditions had been encountered. *** Considering the character of the changed-conditions provision, the cost of services rendered under the provision should be determined without reference to the contractor's profits or losses upon unaffected or unmodified portions of the contract. The cause must, therefore, be remanded to the circuit court for a determination of Kenny's costs of the liner-plate construction performed at the south end for the tunnel. Kenny is entitled to compensation for such costs according to the contract and particularly according to article 8, less the amounts actually received by Kenny for the liner-plate construction and any other deductions the circuit court may find to be applicable." 52 Ill.2d at 200-202.

Although the construction contract included over 20 bid items, the only bid item here in question is item 1—the construction of 8100 linear feet of sewer tunnel. Kenny's bid for this item was $109.50 per linear foot. At the hearing on remand, Kenny presented various testimony and exhibits as to the actual cost of labor, material, subcontractor expense and equipment that it incurred in performing the item 1 changed-conditions work at the south end of the sewer tunnel. To these actual costs were applied certain percentage increases for each category as provided in article 8. The resulting total of $520,009.95 represented the total cost as calculated under article 8 for construction of the south 1600 linear feet of bid item 1 under the changed conditions. Since the Sanitary District had paid Kenny the sum of $175,200 for the south 1600 feet of sewer tunnel in accordance with the bid price of $109.50 per linear foot, this amount was deducted from

the total cost of $520,009.95 to arrive at the difference of $344,809.95 which the trial court found Kenny to be entitled to as additional compensation under the provisions of the contract and the mandate of this court. As previously indicated, the circuit court held that its original judgment in the amount of $131,237.71 was still in effect, and accordingly, instead of entering a new judgment for $344,809.95, it entered an additional judgment on May 16, 1973, in favor of Kenny for the difference of $213,572.24.

The Sanitary District argues that on remand the computation of compensation for changed-conditions work was incorrect in two respects: (1) that since the cause was remanded for purposes of determining the amount of compensation due Kenny for "liner plate construction," the amount of such compensation should be limited to the 4-month period during which liner-plate material was installed rather than allowing compensation for all work over the 18-month construction period; and (2) that some portions of the work performed on the south 1600 feet, such as removing trash, grouting, repaving the surface, trucking, trailer set up and clearing and cleaning the site were affected very little, if at all, by changed conditions and therefore was work contemplated by the contract for which Kenny should not be entitled to recover its actual costs plus the specified markup under article 8.

In our opinion, the formula adopted by the circuit court in calculating compensation for changed-conditions work was correct and in accordance with the provisions of article 8 and the prior opinion and mandate of this court. We do not concur with the Sanitary District that the determination of additional compensation should be limited to the 4-month period during which the liner-plate materials were being installed. In our earlier decision we affirmed the circuit court's finding that the south 1600

feet of bid item 1 (sewer in tunnel) was constructed under changed conditions with the result that Kenny was entitled to receive the compensation for such work in accordance with the provisions of article 8: namely, the actual cost of changed-conditions work plus the specified percentage markups less the amount which it had already been paid for such work. We used the term "liner plate construction" in our earlier opinion to describe the method which Kenny employed in constructing the entire south 1600 feet of sewer under changed conditions. In doing so, we did not intend to suggest that the computation of compensation under article 8 was to be limited solely to the period of time that the liner plates themselves were being installed.

We concur with the Sanitary District that the changed-conditions provisions of the contract were not intended to provide the basis for compensating a contractor for work which was within the contemplation of the contract. However, notwithstanding the Sanitary District's contentions that certain portions of the work were affected very little if at all by changed conditions, we believe it was proper under the facts of this case for the circuit court to view such items as an integral part of the bid item 1 work on the south end of the project. The contract called for construction of a sewer using a certain method at a specified location. Due to subsoil conditions which could not be anticipated by either the Sanitary District or Kenny, an entirely different construction method had to be employed to construct the sewer. All factors considered, it is entirely consistent with the provisions of the contract that all elements which went into completion of the finished sewer under changed conditions on the south 1600 feet should be considered as the changed-conditions work to be compensated under article 8. We note also that the dollar amounts attributable to those portions of the work which the District claims have no relation at all to changed conditions are relatively insignificant in relation

to the total cost of the south 1600 feet of the project and would appear to have little effect on the net amount due Kenny. To further prolong this litigation by remanding the cause for a hearing as to such items would serve no useful purpose at this stage of the proceedings.

In view of our conclusion that the circuit court's determination of compensation due Kenny should be upheld, we turn next to a consideration of the circuit court's holding that its original judgment order of July 18, 1968, was affirmed under the earlier opinion and mandate of this court. In our first opinion we specified the provisions of the contract which controlled the determination of compensation to which a contractor was entitled in the event changed conditions were encountered and remanded the cause to the circuit court for a "determination" of the amount due Kenny in accordance with such provisions less certain deductions. Under the circumstances, such a remand clearly did not constitute an affirmance of the prior judgment of the circuit court as to the amount of compensation due Kenny. Its effect was to reverse the July 18, 1968, judgment, fixing compensation, and the circuit court erred in holding otherwise.

The circuit court of Cook County is accordingly directed to vacate its judgments in favor of plaintiff dated May 18, 1968, and May 16, 1973, respectively, and to enter in their stead a new judgment in favor of plaintiff as of May 16, 1973, in the amount of $344,809.95.

*Judgment affirmed in part, reversed in part and remanded, with directions.*