CHARLOTTE NERONE et al., Plaintiffs-Appellees, v. BERNICE NORA BOEHLER et al., Defendants-Appellants.

(No. 74-430;

Fifth District—January 15, 1976.

Michael B. White, of Bullington and White, of Hillsboro, and Paul F. Wanless, of Springfield, for appellants.

A. Paul Rosche, Jr., of Hillsboro, for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

This is an action for specific performance for the conveyance of real estate under a contract for deed. The defendants filed a counterclaim asking for certain sums of money under the contract and for an accounting. Judgment was rendered for the plaintiffs on the complaint and against the defendants on the counterclaim.

During the years 1964 and 1965 plaintiff Lawrence J. Boehler and his wife had marital difficulties. They were separated for about a year. As a part of the resolution of their marital difficulties, 111 acres owned by them was deeded to the wife for her lifetime with a remainder in equal shares to their six children. Subsequently the plaintiff's wife died.

At the time of her death there was a mortgage on the 111-acre tract in favor of the Federal Home Loan Bank. It was agreed that one of the children, plaintiff Charlotte Nerone, and her husband would purchase all the interests in a 5-acre tract from the other children. Plaintiff Lawrence Boehler's attorney drew up a contract for deed to this 5 acres. The contract was signed by all of the children and the husbands and wives of those who were married—naming Charlotte Nerone and Jack Nerone, her husband, as the buyers. The contract contains a paragraph which states:

> "Lawrence J. Boehler is the father of the present record holders of this real estate and it is the desire of the parties hereto that all payments on this contract shall be made to him. Therefore, it is agreed that the Buyer shall make all monthly payments to the said Lawrence J. Boehler and when the Seller receives written notice from the said Lawrence J. Boehler that the entire purchase price plus the interest herein stated has been paid in full, the said Warranty Deed, properly executed by the Seller, shall be delivered to the Buyer."

Though defendants in their appeal list many issues, the resolution of this case depends upon the meaning of the above language. Defendants contend that this language plus other evidence produced by them constitutes plaintiff Lawrence J. Boehler an agent for the defendants and that the money received by him was to be paid over to them. Failing this they claim a right to reconveyance of the property. Plaintiffs on the other hand contend that the proper construction of the contract is that plaintiff Lawrence J. Boehler was to receive the money for himself and that he had no duty to remit it to the defendants.

Defendants in their appeal argue that the verdict was against the manifest weight of the evidence; that the trial court erred in denying the defendants' motion for summary judgment; that the court erred in admitting certain items of evidence; that the plaintiffs did not prove every allegation in their complaint; that the defendants are entitled to an accounting from Lawrence J. Boehler as a matter of law; and that the proper construction of the contract is that Lawrence J. Boehler, after receiving the purchase price and paying any liens against the premises and deducting his expenses in connection with handling the sale, was to remit the proceeds to the defendants.

■■ We consider this last contention the key issue and shall address it first, for the outcome of this case depends primarily upon the interpretation of the contract, particularly that portion of the contract set out above. If a contract is in writing, is unambiguous and contains no uncertain terms, interpretation of the contract is a question of law for

the court. (*Jordan v. Ray Schools-Chicago, Inc.*, 49 Ill.App.2d 1, 199 N.E.2d 827; *Modern Tackle Co. v. Bradley Industries, Inc.*, 11 Ill.App.3d 502, 297 N.E.2d 688; 12 Ill. L. & Pr. *Contracts* § 246 (1955), at 432-33.) Where the meaning of a contract is plain and unambiguous, the court will not resort to rules of construction. (*Donahue v. Rockford Showcase & Fixture Co.*, 87 Ill.App.2d 47, 230 N.E.2d 278; *National Wrecking Co. v. City of Chicago*, 128 Ill.App.2d 205, 262 N.E.2d 735; *Kelly v. Terrill*, 132 Ill.App.2d 238, 268 N.E.2d 885; *Kimes v. Rogers*, 25 Ill.App.3d 1089, 324 N.E.2d 201.) However, whether an ambiguity exists in a contract is a question of law which must initially be determined by the trial court before any extrinsic evidence can be introduced. (*Schneider v. Neubert*, 308 Ill. 40, 139 N.E. 84; *Swift v. Hemp & Co.*, 80 Ill.App.2d 478, 224 N.E.2d 479; *Gaffney v. William J. Burns Detective Agency International, Inc.*, 12 Ill.App.3d 476, 299 N.E.2d 540; 12 Ill. L. & Pr. *Contracts* § 247, at 435 (1955).) When the court has determined that an ambiguity exists in the contract, evidence of prior and contemporaneous transactions and other extrinsic facts may be introduced by the parties and considered by the court in ascertaining the true meaning of the contract. (*Kenny Construction Co. v. Metropolitan Sanitary District*, 52 Ill.2d 187, 288 N.E.2d 1, *appeal after remand*, 56 Ill.2d 516, 309 N.E.2d 221; *Joseph v. Joseph*, 15 Ill.App.3d 714, 305 N.E.2d 19; *Standard Steel & Wire Corp. v. Chicago Capital Corp.*, 26 Ill.App.3d 915, 326 N.E.2d 33.) When the evidence of extrinsic facts is uncontroverted or shows the contract to have but one meaning, the court need not resort to inquiry by the trier of fact, but must determine the meaning of the contract as a question of law. (*Schneider v. Neubert*; *Knowles Foundry & Machine Co. v. National Plate Glass Co.*, 301 Ill. App. 128, 21 N.E.2d 913; *Bertlee Co. v. Illinois Publishing & Printing Co.*, 320 Ill.App. 490, 52 N.E.2d 47; *La Salle National Bank v. Wieboldt Stores, Inc.*, 60 Ill.App.2d 188, 208 N.E.2d 845; 12 Ill. L. & Pr. *Contracts* § 247, at 436-37 (1955).) On the other hand, if the extrinsic facts and circumstances are controverted or if the meaning of the contract is uncertain in light of the extrinsic evidence, then the intent of the parties to the contract must be determined as a question of fact by the jury or by the court in a trial without a jury. *Schneider v. Neubert*; *Franks v. North Shore Farms, Inc.*, 115 Ill.App.2d 57, 253 N.E.2d 45.

■■ In the instant case the contract was ambiguous in that it failed to specify the capacity in which Lawrence J. Boehler, who had no interest in the land, was to receive payments from the purchaser. That is, the contract failed to specify whether Lawrence J. Boehler was to receive the money for himself or on behalf of the sellers. The trial court recognized this ambiguity and allowed evidence of extrinsic facts

to be introduced by both sides in order to determine the intention of the parties at the time the contract was made. The evidence of the extrinsic facts and circumstances was controverted and did not leave the contract susceptible of but one interpretation; however, the trial court, by rendering judgment in favor of plaintiffs, necessarily found the contract to have the meaning ascribed to it by plaintiffs. The trial court's finding was not against the manifest weight of the evidence and therefore, should not be set aside in this appeal. *Atkins v. County of Cook,* 18 Ill.2d 287, 163 N.E.2d 826; *City of Chicago v. Miller,* 27 Ill.2d 211, 188 N.E.2d 694, *appeal dismissed,* 375 U.S. 11.

Defendants argue that a gift was not intended and that the law will not presume a gift. In support of this latter contention defendants cite *Williams v. Anderson,* 288 Ill.App. 149, 5 N.E.2d 593. But in *Anderson* the question was whether or not a gift of personal property by way of trust had been established when there were no documents of any kind involved. It was simply alleged that there was an oral agreement to establish the trust. The court said, and rightly so, "* * * courts of equity cannot complete an imperfect or defective gift." (288 Ill.App. 149, 154, 5 N.E.2d 593, 595.) Here, there is some evidence that son Douglas Boehler and his wife Patricia did not expect the return of the purchase price. It was understood that Lawrence J. Boehler would pay any debts against the property. This he did. The insertion made by Bernice, the last defendant to sign the contract, did not alter the provision that the money was to be paid to plaintiff Lawrence J. Boehler and added nothing further regarding its disposition. Regarding payment of the purchase money, she simply inserted.: "To be applied to the lien on this property"; and following the statement in the contract that when the entire purchase price has been paid, written notice of this fact should be sent to the sellers, she inserted: "which should be received immediately following this fulfillment."

■■ For the first time on appeal, defendants urge that the court should find either a resulting trust or a constructive trust. We could dispose of this argument by refusing to consider it on review. Though we are not convinced by defendants' argument that it was unnecessary to mention constructive or resulting trust at the trial court level since the facts were allegedly there to support them, we nevertheless considered their argument and find no basis for a resulting or constructive trust. *Fowley v. Braden,* 4 Ill.2d 355, 122 N.E.2d 559, cited by the defendants, stated that: "* * * the existence of a confidential relation and the subsequent abuse of the confidence reposed [is] sufficient to establish the [constructive] trust." (4 Ill.2d 355, 361, 122 N.E.2d 559, 563.) But the court went on to say, "Since no fiduciary relationship existed, * * *

and no acts amounting to fraud are alleged, * * * it is our opinion that the complaint does not allege facts which support a constructive trust." (4 Ill.2d 355, 362, 122 N.E.2d 559, 563.) The facts in *Masters v. Mayes*, 246 Ill. 506, 92 N.E. 945, are quite different. There the father gave a daughter money to purchase land, the title to be conveyed to him as trustee. The court held that he parted with all title to the money when the deed was conveyed to him as trustee and that when he subsequently sold the land and reinvested it in other land taking absolute title, a resulting trust in favor of the daughter arose. Likewise in *Champlin v. Champlin*, 136 Ill. 309, 26 N.E. 526, where a resulting trust was found, a tract of land had been purchased and paid for by two partners but the deed was to their mother. She had nothing to do with the transaction and knew nothing about it. Likewise in *Scanlon v. Scanlon*, 6 Ill.2d 224, 127 N.E.2d 435, land had been conveyed to a wife for financial reasons. Though the court found a resulting trust, it stated: "The burden of proof is upon the party seeking to establish a resulting trust, and the evidence, to be effective for this purpose, must be clear, convincing and unmistakable." (6 Ill.2d 224, 230, 127 N.E. 435, 438.) In *Johnson v. Johnson*, 1 Ill.2d 319, 323-24, 115 N.E.2d 617, 619, the court said: "A resulting trust does not depend on contract or agreement but is founded on a presumed intent which arises out of the acts of the parties and by implication of law." Though the issue regarding a constructive trust or a resulting trust was not before the trial court, it is obvious that the court's holding in interpreting the contract provision would have precluded such.

■■ With respect to defendants' argument that their motion for summary judgment should have been granted, we can only say that the record in this case amply shows that there was a genuine issue as to a material fact. Therefore, it would have been error for the trial court to have granted summary judgment.

■■ We do not find that the admission of the list of debts of plaintiff Lawrence J. Boehler was prejudicial error. Obviously the debt structure of the plaintiff Lawrence J. Boehler, both with respect to liens against the land and other indebtedness, was an important consideration in determining how to dispose of the property.

■■ Defendants maintain that there was no proof of tender. The record shows that tender was made to the person whom the contract said was entitled to receive payment, namely, plaintiff Lawrence J. Boehler.

Defendants also point out that in his deposition plaintiff Lawrence J. Boehler admitted that he was an agent. However, subsequent testimony tended to refute the claim by defendants that he intended to be an agent for purposes of receiving the purchase price on their behalf.

894

The trial court, in determining the meaning of the contract, did not find plaintiff Lawrence J. Boehler to be an agent of the defendants. Neither did the court find him to have a duty to account to defendants for the purchase money received by him. We feel the trial court's determinations were proper and, accordingly, affirm the judgment of the trial court.

Affirmed.

G. J. MORAN and EBERSPACHER, JJ., concur.