FREDERICK A. JONES *et al.,* Trustees, Plaintiffs-Appellants, *v.* ROYAL BUILDERS OF BLOOMINGTON NORMAL, INC., Defendant-Appellee.

Fourth District   No. 13055

Opinion filed June 24, 1976.

McCoy, Ming and Black, of Chicago (Walter K. Black and Sidney A. Jones, III, of counsel), for appellants.

Thomson, Thomson, Zanoni & Flynn, of Bloomington (Chester Thomson, of counsel), for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Plaintiffs, trustees, filed suit to quiet title to certain real estate in Normal, Illinois. They desired to have a warranty deed from Anthony Jones, grantor, to Royal Builders, defendants here, declared a cloud on their title and set aside. The trial court denied this relief, and further ordered that plaintiffs hold the property as trustees of a resulting trust for the benefit of the heirs of their grantor and defendant as successor to an heir. Plaintiffs have appealed. We affirm the trial court.

On May 11, 1959, Florence Jones signed a document entitled "Deed in Trust." As trustees she appointed Louise and Frederick, the plaintiffs, who are two of her seven children. The deed referred to a trust agreement of the same date. The deed in trust itself is insufficient to establish an express trust since several necessary terms of a trust were not present (the beneficiaries, the nature and extent of their interests and the manner in which the trust was to be performed). The deed was recorded June 8, 1959. The grantor, Florence, died intestate on February 12, 1962.

On June 27, 1964, the two trustees signed a declaration of trust. The complaint alleges that the terms of this declaration are the same as the terms of the trust agreement referred to in the deed in trust.

Royal Builders claim title through a deed from Anthony Jones, son and an heir of Florence and a brother of Frederick and Louise. The deed was dated December 22, 1967, and recorded March 27, 1968. Anthony is deceased.

At the trial Louise testified that she and her mother went to Eugene Larkin, an attorney on May 11, 1959. Louise heard her mother tell Mr. Larkin the various provisions of the trust. Mr. Larkin had the documents prepared. Louise saw both the deed in trust and the trust agreement for a few seconds. Both Louise and her mother signed the trust agreement. Mr. Larkin said he would file them but he did not. In June 1959, Louise obtained the deed in trust from Mr. Larkin and filed it. She inquired several times of the whereabouts of the trust agreement. Mr. Larkin told her he had never prepared one. On June 27, 1964, Louise and Fred had a declaration of trust prepared by a Peoria attorney. The terms were the same as those her mother gave to Mr. Larkin. Other terms were also inserted by the Peoria attorney.

Frederick Jones testified that he had a conversation with his mother six months prior to the date of the deed in trust. Specific provisions of the

proposed trust were discussed. Frederick recalled his answers to a 1971 deposition wherein he had said that the full extent of discussion with his mother was a very general conversation in which she said she would seek legal advice.

Mr. Larkin testified. He remembered drawing up the deed in trust for Mrs. Jones. There was no discussion of beneficiaries and he did not then or ever draw up a trust agreement. In drawing up the deed, he merely copied the form given to him by Louise or her mother. As he understood it, the purpose of the trust was to tie up the property so that Mrs. Jones, who was in her seventies, would not be subject to possible pressure to sell.

■■ The general rule is that, upon the failure of an express trust, a resulting trust arises in favor of the settlor or his heirs. (*Jones v. McCollen*, 85 Ill. App. 2d 375, 227 N.E.2d 788.) That case involved prior litigation over this same property and deed in trust. Because the deed in trust in question is insufficient to establish an express trust, it would follow that a resulting trust did arise and Anthony, as son and heir of Mrs. Jones, would have an equitable interest in the property which he could convey although legal title remained in the trustees. *Jones v. McCollen.*

■■ Plaintiffs argue that the deed to Royal Builders was void because Anthony had no interest in the property except a personal property interest as a beneficiary of the trust. In the trial court, the trustees presented two arguments as to why a resulting trust did not arise. Their first argument was that there had been a trust agreement drawn up by Mr. Larkin pursuant to Mrs. Jones' direction but that it had been lost or mislaid. The trial court found that the proof was insufficient to establish that such an instrument had ever existed. Clearly this finding is not against the manifest weight of the evidence. One party testified she heard the directions given and saw the trust agreement for several seconds. The lawyer testified he had never drawn up the instrument. A question of credibility was presented and credibility is for the trier of fact to determine, not a reviewing court. *Brown v. Zimmerman*, 18 Ill. 2d 94, 163 N.E.2d 518.

Plaintiffs rely on the second argument in this court. This argument revolves around the validity and effect of the declaration of trust made by plaintiffs as trustees in June of 1964, which, of course, was after the death of Mrs. Jones, the settlor. Succinctly stated, their argument is as follows:

(1) The Statute of Frauds requires that a trust in land must be evidenced by a signed writing containing the necessary terms.

(2) Trustees may, although they cannot be compelled, carry out a trust which is not evidenced by a writing signed by the settlor.

(3) If they choose not to carry out the trust, a resulting trust arises in favor of the settlor and her heirs.

(4) If the trustees choose to carry out the trust by signing a writing setting out the terms of the trust as intended by the settlor, the Statute of Frauds cannot be used to defeat the trust.

We find it unnecessary to decide whether plaintiffs' legal argument is correct. Even assuming that it is correct, it does not follow that the decree of the trial court must be set aside.

■■ The trustees cannot declare any trust. They must declare the trust intended by the settlor. Plaintiffs' argument is based upon the factual conclusion that they knew the terms intended by the settlor. The trial court found that the express trust failed for want of proof. The evidence fully supports that finding. The proof necessary to establish the existence of a trust by parol evidence has been phrased in various ways: The proof must be "clear and convincing" (*Williams v. Anderson*, 288 Ill. App. 149, 5 N.E.2d 593); "unequivocal and unmistakable" (*Reynolds v. First National Bank*, 279 Ill. App. 581); even so strong, unequivocal and unmistakable as to lead to but one conclusion (*Maley v. Burns*, 6 Ill. 2d 11, 126 N.E.2d 695). A similar high degree of proof is necessary to establish the terms of the trust, such as the identity of the beneficiaries, and the nature and extent of their interests. *Maley v. Burns.*

In the case at bar Miss Jones testified that she knew of the terms intended by her mother because she was present when her mother told Mr. Larkin what she desired. Mr. Larkin expressly denied that such a conversation took place. In addition Miss Jones testified that some of the terms of the declaration of trust were added by the lawyer who drew up the instrument. Frederick Jones testified that his mother told him of her specific wishes in a family conversation but he admitted that he had said in a deposition that he had had only the most general of conversations with his mother. This testimony falls far short of the standard of evidence necessary to establish the terms of the trust.

Accordingly the judgment of the trial court that the express trust failed for want of proof and a resulting trust arose in favor of the heirs of the settlor and their successors is affirmed.

Judgment affirmed.

TRAPP, P. J., and GREEN, J., concur.