C. R. MOHAN RAO, M. D., S. C., Plaintiff-Appellant, *v.* KRISHNA RAO A. V. PARVATHANENI, M. D., Defendant-Appellee.

First District (1st Division)    No. 78-917

Opinion filed May 14, 1979.

Thomas H. Morsch and Robert R. Watson, both of Sidley & Austin, of Chicago, for appellant.

Joel J. Sprayregen and Paula K. Jacobi, both of Aaron, Aaron, Schimberg & Hess, of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff, a medical services corporation, employed defendant, Krishna Rao A.V. Parvathaneni, M.D. (Dr. Parvathaneni), pursuant to a written employment agreement which contained a restrictive covenant. In a three-count amended complaint plaintiff alleged that defendant breached that restrictive covenant and sought both injunctive relief and money damages. Defendant filed a second-amended counterclaim and a motion for summary judgment on the complaint. Pursuant to that motion, the trial court entered summary judgment in defendant's favor on all three counts of the amended complaint. Subsequent to the entry of the summary judgment order, the defendant voluntarily dismissed the second amended counterclaim. Plaintiff now appeals from the order of the trial court granting summary judgment.

At issue in this appeal is the meaning of paragraph 12 of the employment agreement which contains the restrictive covenant and which is quoted *en toto* later in this opinion. Plaintiff argues first in this appeal that the restrictive covenant is valid and enforceable and, second, that the covenant is applicable regardless of whether the plaintiff terminated the defendant's employment or whether the defendant quit of his own accord. In the alternative, plaintiff argues that even if the restrictive covenant applies only if defendant voluntarily resigned from his employment, a genuine question of fact existed as to the circumstances surrounding defendant's termination and that summary judgment was thus improperly entered.

We affirm.

In the autumn of 1974, C. R. Mohan Rao, M.D. (Dr. Rao), the president and sole shareholder of the plaintiff corporation, and Dr. Parvathaneni commenced negotiations which culminated in an employment agreement between plaintiff and Dr. Parvathaneni. Paragraph 11 of the agreement provided that the term of employment

was for one year which was automatically renewable for successive one-year terms unless either party gave 60 days prior written notice of its intention to terminate the agreement.

Paragraph 12 of the agreement defined the parameters of the restrictive covenant as follows:

> "Employee agrees that for a period of one (1) year after the date of termination of his employment, he will not practice medicine as a member of the staff of Holy Cross Hospital, Christ Community Hospital and Palos Community Hospital. It is the intention of Employer and Employee that Employer will attempt to get Employee on the staff of the aforesaid hospitals as well as St. Francis Hospital (Blue Island), Central Community Hospital, Mt. Sinai Hospital and Roseland Community Hospital prior to or during Employee's term of employment. Employee will be free to continue to practice on the staff of St. Francis Hospital, Central Community Hospital, Mt. Sinai Hospital and Roseland Community Hospital after termination of his employment. This agreement not to compete shall be effective only if Employee terminates his employment within ten (10) years of the effective date of this agreement."

In accordance with paragraph 11, the agreement was renewed for a second year. Toward the end of the second year, problems developed between Dr. Rao and Dr. Parvathaneni which resulted in the termination of Dr. Parvathaneni's employment and the filing of plaintiff's amended complaint consisting of three counts. Count I alleged that on or about May 14, 1976, Dr. Parvathaneni terminated his employment with defendant and that in violation of paragraph 12 of the employment agreement Dr. Parvathaneni continued to practice medicine at Holy Cross Hospital and had applied for membership on the staffs of Christ Community Hospital and Palos Community Hospital. Count I prayed for a temporary and permanent injunction enjoining defendant from practicing at the above hospitals. Count II of the complaint realleged the allegations of count I and sought money damages. Count III alleged Dr. Parvathaneni was holding money due plaintiff and sought an accounting. Defendant's answer to the amended complaint denied the material allegations of all three counts of the amended complaint. The defendant also filed a second amended counterclaim which, in pertinent part, alleged that the defendant did not voluntarily terminate his employment but was instead fired on or about May 13, 1976.

After additional motions and objections thereto were filed, defendant filed a motion for summary judgment on the amended complaint. In that motion, defendant, citing the last sentence of paragraph 12 of the employment agreement, alleged that the agreement not to compete

4

became effective only if defendant terminated his employment and that defendant never terminated his employment but was instead fired. Attached to the motion was a copy of a letter dated May 28, 1976, purportedly written by Dr. Rao and addressed to Dr. Parvathaneni. The letter, in pertinent part, stated:

"You are further notified that pursuant to Page 3, Section 4, Sub-Section (e), that your employment with the corporation will terminate at the expiration of that 60 days, you will continue to perform services for the corporation pursuant to your Employment Agreement signed by you."

Also accompanying the motion was the affidavit of Steven Storch. The affidavit stated, in part, that Mr. Storch was the attorney for Dr. Parvathaneni and that on May 28, 1976, Dr. Rao sent the attached letter to Dr. Parvathaneni terminating Dr. Parvathaneni's employment.

Plaintiff filed a response to defendant's motion for summary judgment and argued that paragraph 12 of the agreement provided that the restrictive covenant was effective regardless of the circumstances under which defendant's employment was terminated; that, assuming *arguendo*, that the final sentence of the agreement was susceptible to defendant's interpretation the agreement was then ambiguous and a factual dispute existed as to the intention of the parties; and that even if defendant's interpretation of paragraph 12 is correct there existed a disputed question of fact as to whether defendant voluntarily resigned or was terminated. In support of the latter argument, plaintiff cites an earlier discovery deposition of Dr. Rao. This deposition, however, was not filed together with plaintiff's response to the motion for summary judgment. No affidavits, depositions or exhibits of any sort accompanied that response.

In the morning of December 1, 1977, a hearing was held pursuant to defendant's motion for summary judgment. At the conclusion of the hearing, the trial court indicated that he was granting summary judgment in defendant's favor. In the afternoon of December 1, 1977, the parties again appeared before the trial court and defendant presented the trial court with a draft of a summary judgment order. Plaintiff requested leave to file the depositions of the defendant and Dr. Rao. After the trial court granted leave to file the depositions, he signed the order granting summary judgment.

In his deposition, Dr. Rao testified that in April or May of 1976 Dr. Parvathaneni threatened to leave the corporation and told third parties that he was practicing on his own. In that deposition, Dr. Rao also testified that in the last week of May 1976 he decided he no longer wanted Dr. Parvathaneni to work for him and that he wrote Dr. Parvathaneni a letter giving him two months' notice as provided in the employment agreement.

Plaintiff first contends that the restrictive covenant in paragraph 12 is in itself valid and enforceable and not against public policy. Defendant nowhere in his brief disagrees with this general proposition. Moreover, Illinois decisions have upheld the validity of similar agreements. (See *Cockerill v. Wilson* (1972), 51 Ill. 2d 179, 281 N.E.2d 648; *Canfield v. Spear* (1969), 44 Ill. 2d 49, 254 N.E.2d 433.) The question of the validity of the instant restrictive covenant is, however, one we need not decide in this appeal because we believe that, assuming its validity, the trial court properly entered summary judgment in defendant's favor.

■■ Plaintiff next contends that the restrictive covenant is applicable regardless of whether the defendant voluntarily terminated his employment or whether he was terminated by his employer. In the alternative, plaintiff contends that the contract is ambiguous concerning whether the restrictive covenant applies if defendant is terminated. A contract is ambiguous when it is reasonably susceptible to different constructions. (*Bulley & Andrews, Inc. v. Symons Corp.* (1975), 25 Ill. App. 3d 696, 323 N.E.2d 806.) Moreover, the question of whether an ambiguity exists is a question of law which must initially be determined by the trial court before any extrinsic evidence can be introduced. (*Nerone v. Boehler* (1976), 34 Ill. App. 3d 888, 340 N.E.2d 534.) It is only when the court determines that an ambiguity exists that the court will consider extrinsic evidence in ascertaining the true meaning of the contract. *Kenny Construction Co. v. Metropolitan Sanitary District* (1971), 52 Ill. 2d 187, 288 N.E.2d 1.

■■ After reviewing paragraph 12 of the employment agreement, we conclude that the trial court correctly ruled that there was no ambiguity and that the contract indicates that the restrictive covenant was to apply only if defendant voluntarily terminated his employment. Plaintiff argues that the first sentence of paragraph 12, "Employee agrees that for a period of one (1) year after the date of termination of his employment, he will not practice medicine" directly contradicts the last sentence of paragraph 12, "This agreement not to compete shall be effective only if employee terminates his employment * * *." We disagree. The first sentence of paragraph 12 is merely a general statement which defines the period to which the restrictive covenant is to apply. That sentence makes no reference to the circumstances under which the restrictive covenant applies. The only sentence which makes reference to those circumstances is the last sentence which clearly and unequivocally states that the agreement not to compete applies only if the employee terminates his employment. Paragraph twelve is not fairly susceptible to different interpretations and the trial court correctly concluded that no ambiguity existed.

■■ We next consider plaintiff's contention that a genuine question of fact

existed as to whether the defendant terminated his employment or whether the defendant was fired. In support of this contention, plaintiff relies on portions of Dr. Rao's deposition which were filed after the hearing on the motion for summary judgment, but prior to the entry of the summary judgment order. Defendant argues that under such circumstances the depositions were not properly before the lower court. We disagree. The record clearly reflects that the trial court granted leave to file the depositions before he signed the summary judgment order. Without question, the depositions were properly before the trial court.

In arguing that there existed a genuine question of fact concerning whether the defendant voluntarily resigned his employment. or was terminated, the plaintiff directs our attention to the fact that defendant made no reference to the May 28, 1976, letter in his second amended counterclaim that he terminated his employment on or about May 13, 1976. Plaintiff also notes that Dr. Rao denied in his deposition that he fired Dr. Parvathaneni on May 13. Plaintiff further cites testimony in that deposition where Dr. Rao indicated that in April or May of 1976 Dr. Parvathaneni threatened to leave the corporation and that Dr. Parvathaneni told third parties he was practicing on his own. Plaintiff also argues that the trial court should not have considered the May 28, 1976, letter attached to the motion for summary judgment because the affidavit of Mr. Storch did not properly authenticate that letter.

After considering plaintiff's arguments and the record we conclude that the trial court properly concluded that there existed no genuine question of fact concerning the circumstances surrounding the termination of defendant's employment and that the defendant was indeed fired by the plaintiff. Assuming Mr. Storch's affidavit did not properly authenticate the May 28, 1976, letter, we believe Dr. Rao's deposition is ample authentication. In his deposition Dr. Rao testified that during the last week of May 1976 he concluded that he no longer wanted Dr. Parvathaneni to work for him and that he worte him a letter giving him his two months' notice. In light of such a clear admission by Dr. Rao that he terminated defendant's employment, we fail to see any question of fact concerning the circumstances surrounding defendant's termination.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.